IN THE U.S. BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEA Seaside Investment, Inc.                    Case No.: 3:13-bk-00165-JAF

    Debtor
_____\

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on the Movant's attorney, Jeffry R. Jontz, Swann Hadley Stump Dietrich & Spears, P.A., P. O. Box 1961, Winter Park, Florida 32790 and any other appropriate persons.

    If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

## MOTION OF CREDITOR, HANCOCK BANK FOR RELIEF FROM AUTOMATIC STAY

    HANCOCK BANK, (the Movant) by and through its undersigned counsel, files this motion against the Debtor seeking relief pursuant to Bankruptcy Code Section 362(d), or alternatively, continuing the stay provided by Bankruptcy Code 362(a) on the furnishing by the Debtor of adequate protection of the Movant's collateral, and alleges as follows:

    1.    The Debtor filed with this Court a voluntary petition pursuant to the provisions of the Bankruptcy Code.

2. The Court has jurisdiction of this case pursuant to the provisions of Title 28, United States Code, Section 1334 and Section 157.

3. This motion seeks relief from the automatic stay provided by Section 362 of the Bankruptcy Code, or alternatively, continuation of the stay on furnishing by the Debtor of adequate protection for the Movant's collateral.

4. On or about August 30, 2006, GEA SEASIDE INVESTMENT, INC. executed and delivered to HANCOCK BANK a mortgage securing the payment of a promissory note in the amount of Three Hundred Forty Thousand Dollars ($340,000.00) in connection with the purchase of real estate. Copies of the promissory note and mortgage are attached as **Exhibits "A" and "B"**. The security agreement encumbers the following real property:

> **Lot 15, a subdivision of a portion of Block 5, East Daytona, according to map in Map Book 2, Page 102, said lot otherwise described as Lot 16, Block 5, East Daytona, according to the map in Map Book 2, Page 106, of the Public Records of Volusia County, Florida.**

5. The movant, HANCOCK BANK, is now the owner and holder of the above-described note and mortgage.

6. The Debtor defaulted on his obligation under the promissory note and security agreement by failing to make payments as required under the applicable agreements.

7. Said defaults entitle the Movant to exercise its rights, and to take possession of the property under the said agreements.

8. The Debtor, as debtor in possession, continues to exercise its right under the agreement while simultaneously refusing to satisfy its obligation under the promissory note and security agreement.

H:\1Jeffry Jontz\Hancock Bank - GEA Seaside Investments, Inc & Aberman, Jack\Bankruptcy - GEA Seaside\Motion for Relief from Automatic Stay DOC

2

9. As a result of this activity, the Movant is being deprived of the value of its collateral.

10. Such action will seriously impair or destroy the value of the Movant's collateral and thereby erode the value of its security.

11. There is no adequate protection being made by the Debtor to protect the Movant's interest in the collateral.

WHEREFORE, the Movant demands judgments against the Debtor, lifting the automatic stay of Section 362(a) of the Bankruptcy Code, or in the alternative continuing the stay on the condition that adequate protection be provided to the Movant pursuant to Section 362(d) of the Bankruptcy Code.

H:\1 Jeffry Jontz\Hancock Bank - GEA Seaside Investments, Inc. & Aberman, Jack\Bankruptcy - GEA Seaside\Motion for Relief from Automatic Stay.DOC

3

I HEREBY CERTIFY that on the  5th  day of  March , 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice to the following CM/ECF participants and to all parties of interest under Rule 1007(d) electronically or via U.S. First Class Mail, postage prepaid, to: Debtor, GEA Seaside Investment, Inc., P.O. Box 265302, Daytona Beach, FL 32118; Debtor's Attorney, Scott W. Spradley, Law Offices of Scott W. Spradley, P.A., P.O. Box 1, 109 South 5th Street, Flagler Beach, Florida 32136; Trustee, Elena L. Escamilla, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801; U.S. Trustee – JAX 11, Office of the United States Trustee, George C. Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801; and all members of the Creditors Committee appointed by the Court.

/s/ Jeffry R. Jontz
JEFFRY R. JONTZ
Florida Bar No. 133990
Email: jjontz@swannhadley.com
ERIC B. JONTZ
Florida Bar No. 64905
Email: ejontz@swannhadley.com
SWANN HADLEY STUMP
DIETRICH & SPEARS, P.A.
Post Office Box 1961
Winter Park, Florida 32790
Telephone: (407) 647-2777
Facsimile: (407) 647-2157

Attorneys for Plaintiff/Movant

H:\1Jeffry Jontz\Hancock Bank - GEA Seaside Investments, Inc. & Aberman, Jack\Bankruptcy - GEA Seaside\Motion for Relief from Automatic Stay.DOC

4

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $340,000.00 | 08-30-2006 | 08-30-2009 | 06-36263 | | | MB | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item
Any item above containing "*****" has been omitted due to text length limitations

**Borrower:** GEA Seaside Investment Inc
P O Box 265302
Daytona Beach, FL 32126

**Lender:** Peoples First Community Bank
CORPORATE CENTER
PO Box 59950
1022 W 23rd St
Panama City, FL 32412

---

**Principal Amount** $340,000 00          **Interest Rate** 7 750%          **Date of Note** August 30, 2006

**PROMISE TO PAY** GEA Seaside Investment Inc ( "Borrower" ) promises to pay to Peoples First Community Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Three Hundred Forty Thousand & 00/100 Dollars ($340,000 00), together with interest at the rate of 7 750% per annum on the unpaid principal balance from August 30, 2006, until paid in full  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section

**PAYMENT** Borrower will pay this loan in full immediately upon Lender's demand  If no demand is made, Borrower will pay this loan in 35 regular payments of $3,222 45 each and one irregular last payment estimated at $303,007 76  Borrower's first payment is due September 30, 2006, and all subsequent payments are due on the same day of each month after that  Borrower's final payment will be due on August 30, 2009, and will be for all principal and all accrued interest not yet paid  Payments include principal and interest  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest, then to principal, then to any unpaid collection costs, and then to any late charges  The annual interest rate for this Note is computed on a 365/360 basis, that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding  Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing

**PREPAYMENT** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule  Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes  "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to  Peoples First Community Bank CORPORATE CENTER  PO Box 59950  1022 W 23rd St  Panama City, FL 32412

**LATE CHARGE** If a payment is 15 days or more late Borrower will be charged 5 000% of the regularly scheduled payment

**INTEREST AFTER DEFAULT** Upon default including failure to pay upon final maturity the interest rate on this Note shall be increased to 17 500% per annum  However in no event will the interest rate exceed the maximum interest rate limitations under applicable law

**DEFAULT** Each of the following shall constitute an event of default ( "Event of Default" ) under this Note

**Payment Default** Borrower fails to make any payment when due under this Note

**Other Defaults** Borrower fails to comply with or to perform any other term obligation covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term obligation covenant or condition contained in any other agreement between Lender and Borrower

**False Statements** Any warranty representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect either now or at the time made or furnished or becomes false or misleading at any time thereafter

**Insolvency** The dissolution or termination of Borrower's existence as a going business the insolvency of Borrower the appointment of a receiver for any part of Borrower's property any assignment for the benefit of creditors any type of creditor workout or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower

**Creditor or Forfeiture Proceedings** Commencement of foreclosure or forfeiture proceedings whether by judicial proceeding self help repossession or any other method by any creditor of Borrower or by any governmental agency against any collateral securing the loan  This includes a garnishment of any of Borrower's accounts including deposit accounts with Lender  However this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding in an amount determined by Lender in its sole discretion as being an adequate reserve or bond for the dispute

**Events Affecting Guarantor** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent or revokes or disputes the validity of or liability under any guaranty of the indebtedness evidenced by this Note  In the event of a death Lender at its option may but shall not be required to permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender and in doing so cure any Event of Default

**Change in Ownership** Any change in ownership of twenty five percent (25%) or more of the common stock of Borrower

**Adverse Change** A material adverse change occurs in Borrower's financial condition or Lender believes the prospect of payment or performance of this Note is impaired

**Insecurity** Lender in good faith believes itself insecure

**Cure Provisions** If any default other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months it may be cured if Borrower after receiving written notice from Lender demanding cure of such default (1) cures the default within thirty (30) days or (2) if the cure requires more than thirty (30) days immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**LENDER'S RIGHTS** Upon default Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due and then Borrower will pay that amount

**ATTORNEYS FEES, EXPENSES** Lender may hire or pay someone else to help collect this Note if Borrower does not pay  Borrower will pay Lender the amount of these costs and expenses which includes subject to any limits under applicable law Lender's reasonable attorneys fees and Lender's legal expenses whether or not there is a lawsuit including reasonable attorneys fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals  If not prohibited by applicable law Borrower also will pay any court costs in addition to all other sums provided by law

**JURY WAIVER** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other

**GOVERNING LAW** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law the laws of the State of Florida without regard to its conflicts of law provisions  This Note has been accepted by Lender in the State of Florida

**CHOICE OF VENUE** If there is a lawsuit Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Bay County State of Florida

**RIGHT OF SETOFF** To the extent permitted by applicable law Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking savings or some other account)  This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future  However this does not include any IRA or Keogh accounts or any trust accounts for which setoff would be prohibited by law  Borrower authorizes Lender to the extent permitted by applicable law to charge or setoff all sums owing on the indebtedness against any and all such accounts and at Lender's option to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph

**COLLATERAL** Borrower acknowledges this Note is secured by the following collateral described in the security instruments listed herein

(A) a Mortgage dated August 30 2006 to Lender on real property located in Volusia County State of Florida
(B) an Assignment of All Rents to Lender on real property located in Volusia County State of Florida
(C) deposit accounts described in an Assignment of Deposit Account dated August 30 2006

**EXHIBIT A**

## PROMISSORY NOTE
### (Continued)

Loan No: 06-36263 | Page 2

**CROSS-COLLATERALIZATION.** All other collateral of Borrower now or hereafter pledged shall be collateral for this loan provided however that any interest in Borrower's primary residence or Borrower's household goods and furnishings are excepted unless specifically referenced herein. A default under any loan of Borrower to Lender shall be a default under this loan and vice versa.

**OTHER COLLATERAL.** Borrower acknowledges this Note is also secured by the following where applicable: Commercial Security Agreement, Assignment, Pledge or other security instrument, all of even date hereof.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: Peoples First Community Bank, P O Box 59950 Panama City FL 32412-0950.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Florida (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral, or impair, fail to realize upon or perfect Lender's security interest in the collateral, and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

BORROWER:

GEA SEASIDE INVESTMENT INC

By _____
Jack Aberman, President of GEA Seaside Investment Inc

---

### Florida Documentary Stamp Tax

Florida documentary stamp tax in the amount required by law has been paid with respect to this Note on the Mortgage and Assignment of Rents securing this Note.

ALLONGE TO THAT CERTAIN PROMISSORY NOTE IN THE ORIGINAL PRINCIPAL AMOUNT OF $340,000.00, DATED AUGUST 30, 2006, EXECUTED AND DELIVERED BY GEA SEASIDE INVESTMENT INC., AS MAKER, IN FAVOR OF PEOPLES FIRST COMMUNITY BANK.

Pay to the order of HANCOCK BANK, without recourse

FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR PEOPLES FIRST COMMUNITY BANK, PANAMA CITY, FLORIDA

By: *Lisa L. Jones* (signature)
Name: Lisa L. Jones
Title: Attorney-in-Fact

Loan Number: 5066535

(v. 030510)

/07/2006 11:51 AM
Doc stamps 1190.00
Intangible Tax 680.00
Instrument# 2006-225539 # 1
Book: 5909
Page: 1293

**RECORDATION REQUESTED BY:**
Peoples First Community Bank
CORPORATE CENTER
PO Box 59950
1022 W 23rd St
Panama City, FL 32412

**WHEN RECORDED MAIL TO:**
Peoples First Community Bank
1022 W 23rd Street, 2nd Floor
Panama City, FL 32405

This Mortgage prepared by

Name   Sandra J Young, an employee of
Company   Peoples First Community Bank
Address   PO Box 59950, Panama City, FL 32412

# MORTGAGE

THIS MORTGAGE dated August 30, 2006, is made and executed between GEA Seaside Investment Inc; a Florida corporation (referred to below as "Grantor") and Peoples First Community Bank, whose address is PO Box 59950, 1022 W 23rd St, Panama City, FL 32412 (referred to below as "Lender")

**GRANT OF MORTGAGE** For valuable consideration, Grantor mortgages to Lender all of Grantor's right title and interest in and to the following described real property together with all existing or subsequently erected or affixed buildings improvements and fixtures all easements rights of way and appurtenances all water water rights watercourses and ditch rights (including stock in utilities with ditch or irrigation rights) and all other rights royalties and profits relating to the real property including without limitation all minerals oil gas geothermal and similar matters (the "Real Property") located in Volusia County, State of Florida

Lot 15, subdivision of a portion of Block 5, East Daytona, according to map in Map Book 2, Page 102 said Lot otherwise described as Lot 16, Block 5, East Daytona, according to the map in Map Book 2, Page 106, Public Records of Volusia County, Florida

The Real Property or its address is commonly known as 434 N Halifax Avenue, Daytona Beach, FL 32118

**CROSS-COLLATERALIZATION** In addition to the Note this Mortgage secures all obligations debts and liabilities plus interest thereon of Grantor to Lender or any one or more of them as well as all claims by Lender against Grantor or any one or more of them whether now existing or hereafter arising whether related or unrelated to the purpose of the Note whether voluntary or otherwise whether due or not due direct or indirect determined or undetermined absolute or contingent liquidated or unliquidated whether Grantor may be liable individually or jointly with others whether obligated as guarantor surety accommodation party or otherwise and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable

Grantor presently assigns to Lender all of Grantor's right title and interest in and to all present and future leases of the Property and all Rents from the Property In addition Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents

THIS MORTGAGE, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE IN THE ORIGINAL PRINCIPAL AMOUNT OF $340 000 00, THE RELATED DOCUMENTS, AND THIS MORTGAGE THIS MORTGAGE IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS

**PAYMENT AND PERFORMANCE** Except as otherwise provided in this Mortgage Grantor shall pay to Lender all amounts secured by this Mortgage as they become due and shall strictly perform all of Grantor's obligations under this Mortgage

**POSSESSION AND MAINTENANCE OF THE PROPERTY** Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions

  **Possession and Use** Until the occurrence of an Event of Default Grantor may (1) remain in possession and control of the Property (2) use operate or manage the Property and (3) collect the Rents from the Property

  **Duty to Maintain** Grantor shall maintain the Property in tenantable condition and promptly perform all repairs replacements and maintenance necessary to preserve its value

  **Compliance With Environmental Laws** Grantor represents and warrants to Lender that (1) During the period of Grantor's ownership of the Property there has been no use generation manufacture storage treatment disposal release or threatened release of any Hazardous Substance by any person on under about or from the Property (2) Grantor has no knowledge of or reason to believe that there has been except as previously disclosed to and acknowledged by Lender in writing (a) any breach or violation of any Environmental Laws (b) any use generation manufacture storage treatment disposal release or threatened release of any Hazardous Substance on under about or from the Property by any prior owners or occupants of the Property or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters and (3) Except as previously disclosed to and acknowledged by Lender in writing (a) neither Grantor nor any tenant contractor agent or other authorized user of the Property shall use generate manufacture store treat dispose of or release any Hazardous Substance on under about or from the Property and (b) any such activity shall be conducted in compliance with all applicable federal state and local laws regulations and ordinances including without limitation all Environmental Laws  Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests at Grantor's expense as Lender may deem appropriate to determine compliance of the Property with this section of the Mortgage   Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person   The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances   Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws and (2) agrees to indemnify defend and hold harmless Lender against any and all claims losses liabilities damages penalties and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use generation manufacture storage disposal release or threatened release occurring prior to Grantor's ownership or interest in the Property whether or not the same was or should have been known to Grantor   The provisions of this section of the Mortgage including the obligation to indemnify and defend shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Lender's acquisition of any interest in the Property whether by foreclosure or otherwise

  **Nuisance, Waste** Grantor shall not cause conduct or permit any nuisance nor commit permit or suffer any stripping of or waste on or to the Property or any portion of the Property   Without limiting the generality of the foregoing Grantor will not remove or grant to any other party the right to remove any timber minerals (including oil and gas) coal clay scoria soil gravel or rock products without Lender's prior written consent



EXHIBIT B

Loan No: 06-36263

**MORTGAGE**
**(Continued)**

Page 2

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Mortgage.

**Subsequent Liens.** Grantor shall not allow any subsequent liens or mortgages on all or any portion of the Property without the prior written consent of Lender.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Grantor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Grantor. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Florida law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Mortgage:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, payroll taxes, special taxes, assessments, water charges and sewer service charges levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Mortgage.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption and boiler insurance as Lender may require. Policies shall be written by such insurance companies and in such form as may be reasonably acceptable to Lender. Grantor shall deliver to Lender certificates of coverage from each insurer containing a stipulation that coverage will not be cancelled or diminished without a minimum of thirty (30) days' prior written notice to Lender and not containing any disclaimer of the insurer's liability for failure to give such notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Mortgage. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Mortgage, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property, or if Grantor fails to comply with any provision of this Mortgage or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Mortgage or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and

Instrument# 2008-225539 # 3
Book: 5909
Page: 1295

Loan No. 06-36263

# MORTGAGE
(Continued)

Page 3

preserving the Property All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor All such expenses will become a part of the Indebtedness and at Lender's option will (A) be payable on demand (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy or (2) the remaining term of the Note or (C) be treated as a balloon payment which will be due and payable at the Note's maturity The Mortgage also will secure payment of these amounts Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default

**WARRANTY, DEFENSE OF TITLE** The following provisions relating to ownership of the Property are a part of this Mortgage

**Title** Grantor warrants that (a) Grantor holds good and marketable title of record to the Property in fee simple free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy title report or final title opinion issued in favor of and accepted by Lender in connection with this Mortgage and (b) Grantor has the full right power and authority to execute and deliver this Mortgage to Lender

**Defense of Title** Subject to the exception in the paragraph above Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons In the event any action or proceeding is commenced that questions Grantor's title or the interest of Lender under this Mortgage Grantor shall defend the action at Grantor's expense Grantor may be the nominal party in such proceeding but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice and Grantor will deliver or cause to be delivered to Lender such instruments as Lender may request from time to time to permit such participation

**Compliance With Laws** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws ordinances and regulations of governmental authorities

**Survival of Representations and Warranties** All representations warranties and agreements made by Grantor in this Mortgage shall survive the execution and delivery of this Mortgage shall be continuing in nature and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full

**CONDEMNATION** The following provisions relating to condemnation proceedings are a part of this Mortgage

**Proceedings** If any proceeding in condemnation is filed Grantor shall promptly notify Lender in writing and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award Grantor may be the nominal party in such proceeding but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation

**Application of Net Proceeds** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property The net proceeds of the award shall mean the award after payment of all reasonable costs expenses and attorneys fees incurred by Lender in connection with the condemnation

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES** The following provisions relating to governmental taxes fees and charges are a part of this Mortgage

**Current Taxes, Fees and Charges** Upon request by Lender Grantor shall execute such documents in addition to this Mortgage and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property Grantor shall reimburse Lender for all taxes as described below together with all expenses incurred in recording perfecting or continuing this Mortgage including without limitation all intangible personal property taxes documentary stamp taxes fees and other charges for recording or registering this Mortgage

**Taxes** The following shall constitute taxes to which this section applies (1) a specific tax upon this type of Mortgage or upon all or any part of the Indebtedness secured by this Mortgage (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Mortgage (3) a tax on this type of Mortgage chargeable against the Lender or the holder of the Note and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor

**Subsequent Taxes** If any tax to which this section applies is enacted subsequent to the date of this Mortgage this event shall have the same effect as an Event of Default and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender

**SECURITY AGREEMENT FINANCING STATEMENTS** The following provisions relating to this Mortgage as a security agreement are a part of this Mortgage

**Security Agreement** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time

**Security Interest** Upon request by Lender Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property In addition to recording this Mortgage in the real property records Lender may at any time and without further authorization from Grantor file executed counterparts copies or reproductions of this Mortgage as a financing statement Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest Upon default Grantor shall not remove sever or detach the Personal Property from the Property Upon default Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law

**Addresses** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Mortgage may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Mortgage

**FURTHER ASSURANCES, ATTORNEY-IN-FACT** The following provisions relating to further assurances and attorney in fact are a part of this Mortgage

**Further Assurances** At any time and from time to time upon request of Lender Grantor will make execute and deliver or will cause to be made executed or delivered to Lender or to Lender's designee and when requested by Lender cause to be filed recorded refiled or rerecorded as the case may be at such times and in such offices and places as Lender may deem appropriate any and all such mortgages deeds of trust security deeds security agreements financing statements continuation statements instruments of further assurance certificates and other documents as may in the sole opinion of Lender be necessary or desirable in order to effectuate complete perfect continue or preserve (1) Grantor's obligations under the Note this Mortgage and the Related Documents and (2) the liens and security interests created by this Mortgage as first and prior liens on the Property whether now owned or hereafter acquired by Grantor Unless prohibited by law or Lender agrees to the contrary in writing Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph

**Attorney In-Fact** If Grantor fails to do any of the things referred to in the preceding paragraph Lender may do so for and in the name of Grantor and at Grantor's expense For such purposes Grantor hereby irrevocably appoints Lender as Grantor's attorney in fact for the purpose of making executing delivering filing recording and doing all other things as may be necessary or desirable in Lender's sole opinion to accomplish the matters referred to in the preceding paragraph

**FULL PERFORMANCE** If Grantor pays all the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Mortgage Lender shall execute and deliver to Grantor a suitable satisfaction of this Mortgage and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property Grantor will pay if permitted by applicable law any reasonable termination fee as determined by Lender from time to time

Loan No 06-36263

## MORTGAGE
(Continued)

Page 4

**EVENTS OF DEFAULT** Each of the following at Lender's option shall constitute an Event of Default under this Mortgage

**Payment Default** Grantor fails to make any payment when due under the Indebtedness

**Default on Other Payments** Failure of Grantor within the time required by this Mortgage to make any payment for taxes or insurance or any other payment necessary to prevent filing of or to effect discharge of any lien

**Other Defaults** Grantor fails to comply with or to perform any other term obligation covenant or condition contained in this Mortgage or in any of the Related Documents or to comply with or to perform any term obligation covenant or condition contained in any other agreement between Lender and Grantor

**False Statements** Any warranty representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Mortgage or the Related Documents is false or misleading in any material respect either now or at the time made or furnished or becomes false or misleading at any time thereafter

**Defective Collateralization** This Mortgage or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason

**Insolvency** The dissolution or termination of Grantor's existence as a going business the insolvency of Grantor the appointment of a receiver for any part of Grantor's property any assignment for the benefit of creditors any type of creditor workout or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor

**Creditor or Forfeiture Proceedings** Commencement of foreclosure or forfeiture proceedings whether by judicial proceeding self help repossession or any other method by any creditor of Grantor or by any governmental agency against any property securing the Indebtedness This includes a garnishment of any of Grantor's accounts including deposit accounts with Lender However this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding in an amount determined by Lender in its sole discretion as being an adequate reserve or bond for the dispute

**Breach of Other Agreement** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender whether existing now or later

**Events Affecting Guarantor** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent or revokes or disputes the validity of or liability under any Guaranty of the Indebtedness In the event of a death Lender at its option may but shall not be required to permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender and in doing so cure any Event of Default

**Adverse Change** A material adverse change occurs in Grantor's financial condition or Lender believes the prospect of payment or performance of the Indebtedness is impaired

**Insecurity** Lender in good faith believes itself insecure

**Right to Cure** If any default other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Mortgage within the preceding twelve (12) months it may be cured if Grantor after receiving written notice from Lender demanding cure of such default (1) cures the default within thirty (30) days or (2) if the cure requires more than thirty (30) days immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical

**RIGHTS AND REMEDIES ON DEFAULT** Upon the occurrence of an Event of Default and at any time thereafter Lender at Lender's option may exercise any one or more of the following rights and remedies in addition to any other rights or remedies provided by law

**Accelerate Indebtedness** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable including any prepayment penalty which Grantor would be required to pay

**UCC Remedies** With respect to all or any part of the Personal Property Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code

**Collect Rents** Lender personally or by Lender's agents or attorneys may enter into and upon all or any part of the Property and may exclude Grantor Grantor's agents and servants wholly from the Property Lender may use operate manage and control the Property Lender shall be entitled to collect and receive all earnings revenues rents issues profits and income of the Property and every part thereof all of which shall for all purposes constitute property of Grantor After deducting the expenses of conducting the business thereof and of all maintenance repairs renewals replacements alterations additions betterments and improvements and amounts necessary to pay for taxes assessments insurance and prior or other property charges upon the Property or any part thereof as well as just and reasonable compensation for the services of Lender Lender shall apply such monies first to the payment of the principal of the Note and the interest thereon when and as the same shall become payable and second to the payment of any other sums required to be paid by Grantor under this Mortgage

**Appoint Receiver** In the event of a suit being instituted to foreclose this Mortgage Lender shall be entitled to apply at any time pending such foreclosure suit to the court having jurisdiction thereof for the appointment of a receiver of any or all of the Property and of all rents incomes profits issues and revenues thereof from whatsoever source The parties agree that the court shall forthwith appoint such receiver with the usual powers and duties of receivers in like cases Such appointment shall be made by the court as a matter of strict right to Lender and without notice to Grantor and without reference to the adequacy or inadequacy of the value of the Property or to Grantor's solvency or any other party defendant to such suit Grantor hereby specifically waives the right to object to the appointment of a receiver and agrees that such appointment shall be made as an admitted equity and as a matter of absolute right to Lender and consents to the appointment of any officer or employee of Lender as receiver Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property with the power to protect and preserve the Property to operate the Property preceding foreclosure or sale and to collect the Rents from the Property and apply the proceeds over and above the cost of the receivership against the Indebtedness The receiver may serve without bond if permitted by law Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount Employment by Lender shall not disqualify a person from serving as a receiver

**Judicial Foreclosure** Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property

**Deficiency Judgment** If permitted by applicable law Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section

**Tenancy at Sufferance** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall at Lender's option either (1) pay a reasonable rental for the use of the Property or (2) vacate the Property immediately upon the demand of Lender

**Other Remedies** Lender shall have all other rights and remedies provided in this Mortgage or the Note or available at law or in equity

**Sale of the Property** To the extent permitted by applicable law Grantor hereby waives any and all right to have the Property marshalled In exercising its rights and remedies Lender shall be free to sell all or any part of the Property together or separately in one sale or by separate sales Lender shall be entitled to bid at any public sale on all or any portion of the Property

**Notice of Sale** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition Any sale of the Personal Property may be made in conjunction with any sale of the Real Property

| Loan No 06-36263 | MORTGAGE<br>(Continued) | Page 5 |
|---|---|---|

**Election of Remedies** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Mortgage, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies. Nothing under this Mortgage or otherwise shall be construed so as to limit or restrict the rights and remedies available to Lender following an Event of Default, or in any way to limit or restrict the rights and ability of Lender to proceed directly against Grantor and/or against any other co-maker, guarantor, surety or endorser and/or to proceed against any other collateral directly or indirectly securing the Indebtedness.

**Attorneys Fees, Expenses** If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's reasonable attorneys fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors reports, and appraisal fees and title insurance, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**NOTICES** Any notice required to be given under this Mortgage, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Mortgage. Any party may change its address for notices under this Mortgage by giving written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**FUTURE ADVANCES MAXIMUM LIEN** The total amount of indebtedness secured by this Mortgage may decrease or increase from time to time but the maximum amount of principal indebtedness which may be outstanding at any one time shall not exceed "twice the loan amount" plus interest and amounts expended or advanced by Lender for the payment of taxes, levies or insurance on the Property and interest on such amounts.

**MISCELLANEOUS PROVISIONS** The following miscellaneous provisions are a part of this Mortgage

**Amendments** This Mortgage, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Mortgage. No alteration of or amendment to this Mortgage shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports** If the Property is used for purposes other than Grantor's residence, Grantor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Grantor's previous fiscal year in such form and detail as Lender shall require. Net operating income shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or define the provisions of this Mortgage.

**Governing Law** This Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. This Mortgage has been accepted by Lender in the State of Florida.

**Choice of Venue** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Bay County, State of Florida.

**No Waiver by Lender** Lender shall not be deemed to have waived any rights under this Mortgage unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Mortgage shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Mortgage. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Mortgage, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability** If a court of competent jurisdiction finds any provision of this Mortgage to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Mortgage. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Mortgage shall not affect the legality, validity or enforceability of any other provision of this Mortgage.

**Merger** There shall be no merger of the interest or estate created by this Mortgage with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Successors and Assigns** Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Mortgage and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Mortgage or liability under the Indebtedness.

**Time is of the Essence** Time is of the essence in the performance of this Mortgage.

**Waive Jury** All parties to this Mortgage hereby waive the right to any jury trial in any action, proceeding or counterclaim brought by any party against any other party.

**DEFINITIONS** The following capitalized words and terms shall have the following meanings when used in this Mortgage. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Mortgage shall have the meanings attributed to such terms in the Uniform Commercial Code.

**Borrower** The word Borrower means GEA Seaside Investment Inc and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Default** The word Default means the Default set forth in this Mortgage in the section titled "Default".

**Environmental Laws** The words Environmental Laws mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended, 42 U S C Section 9601 et seq (CERCLA), the Superfund Amendments and Reauthorization Act of 1986, Pub L No 99-499 (SARA), the Hazardous Materials Transportation Act 49 U S C Section 1801 et seq, the Resource Conservation and Recovery Act 42 U S C Section 6901 et seq, or other applicable state or federal laws, rules or regulations adopted pursuant thereto.

**Event of Default** The words Event of Default mean any of the events of default set forth in this Mortgage in the events of default section of this Mortgage.

**Grantor** The word Grantor means GEA Seaside Investment Inc

Instrument# 2006 225539 # 6
Book: 5909
Page: 1298

Loan No: 06-36263

# MORTGAGE
## (Continued)

Page 6

**Guarantor** The word "Guarantor" means any guarantor surety or accommodation party of any or all of the Indebtedness

**Guaranty** The word "Guaranty" means the guaranty from Guarantor to Lender including without limitation a guaranty of all or part of the Note

**Hazardous Substances** The words "Hazardous Substances" mean materials that because of their quantity concentration or physical chemical or infectious characteristics may cause or pose a present or potential hazard to human health or the environment when improperly used treated stored disposed of generated manufactured transported or otherwise handled The words Hazardous Substances are used in their very broadest sense and include without limitation any and all hazardous or toxic substances materials or waste as defined by or listed under the Environmental Laws The term Hazardous Substances also includes without limitation petroleum and petroleum by products or any fraction thereof and asbestos

**Improvements** The word "Improvements" means all existing and future improvements buildings structures mobile homes affixed on the Real Property facilities additions replacements and other construction on the Real Property

**Indebtedness** The word "Indebtedness" means all principal interest and other amounts costs and expenses payable under the Note or Related Documents together with all renewals of extensions of modifications of consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Mortgage together with interest on such amounts as provided in this Mortgage Specifically without limitation Indebtedness includes all amounts that may be indirectly secured by the Cross Collateralization provision of this Mortgage

**Lender** The word "Lender" means Peoples First Community Bank its successors and assigns

**Mortgage** The word "Mortgage" means this Mortgage between Grantor and Lender

**Note** The word "Note" means the promissory note dated August 30 2006 **in the original principal amount of $340,000 00** from Grantor to Lender together with all renewals of extensions of modifications of refinancings of consolidations of and substitutions for the promissory note or agreement

**Personal Property** The words "Personal Property" mean all equipment fixtures and other articles of personal property now or hereafter owned by Grantor and now or hereafter attached or affixed to the Real Property together with all accessions parts and additions to all replacements of and all substitutions for any of such property and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property

**Property** The word "Property" means collectively the Real Property and the Personal Property

**Real Property** The words "Real Property" mean the real property interests and rights as further described in this Mortgage

**Related Documents** The words "Related Documents" mean all promissory notes credit agreements loan agreements environmental agreements guaranties security agreements mortgages deeds of trust security deeds collateral mortgages and all other instruments agreements and documents whether now or hereafter existing executed in connection with the Indebtedness

**Rents** The word "Rents" means all present and future rents revenues income issues royalties profits and other benefits derived from the Property

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS

GRANTOR

GEA SEASIDE INVESTMENT INC

By _____
Jack Aberman, President of GEA Seaside Investment Inc

WITNESSES

x _Barbara Meegan_ Barbara J Meegan

x _Lisa M Demint_ Lisa M Demint

## CORPORATE ACKNOWLEDGMENT

STATE OF ___Florida___ )
                       ) SS
COUNTY OF ___Volusia___ )

The foregoing instrument was acknowledged before me this __30th__ day of __August__, 20__06__ by Jack Aberman, President of GEA Seaside Investment Inc, a Florida corporation on behalf of the corporation He or she is personally known to me or has produced ___drivers license___ as identification and did / did not take an oath

_Barbara Meegan_
(Signature of Person Taking Acknowledgment)

_____
(Name of Acknowledger Typed Printed or Stamped)

Barbara Meegan
MY COMMISSION # DD253755 EXPIRES
January 29 2008
BONDED THRU TROY FAIN INSURANCE, INC

_____
(Title or Rank)

_____
(Serial Number if any)

Instrument# 2006-225539 # 7
Book: 5909
Page: 1299

| Loan No: 06-35253 | **MORTGAGE** (Continued) | Page 7 |

LASER PRO Lending, Ver. 5.42.00.005 Copr. Harland Financial Solutions, Inc. 1997, 2006. All Rights Reserved. - FL c:\CFI\LPL\G03.FC TR-56265 PR-GENERAL