UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILE DIVISION

In re:

GEA SEASIDE INVESTMENT, INC.   Case No.: 3:13-bk-00165
                                Chapter 11
    Debtor,
_____/


JACK ABERMAN                    Case No.: 3:13-bk-00167
                                Chapter 11
    Debtor.
_____/

**FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BY JACK
ABERMAN AND GEA SEASIDE INVESTMENT, INC.**

    SELECT PORTFOLIO SERVICING, INC. AS SERVICING AGENT FOR U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE TERWIN MORTGAGE TRUST 2006-5 ASSET-BACKED SECURITIES, SERIES 2006-5, ("Movant"), pursuant to Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), JACK ABERMAN and GEA SEASIDE INVESTMENT, INC shall produce those documents, records, and tangible things listed on Exhibit A attached hereto according to the instructions and definitions set forth therein on or before May 20, 2013 at 11:00 a.m. and to contact Antonio Alonso, Esq. at (954) 331-6307 to coordinate such production.

**INSTRUCTIONS AND DEFINITIONS**

    1.    The Request for Production shall be answered fully in writing under oath, unless it is objected to, in which event you shall state the reason(s) for such objection and shall answer to the extent the Request for Production is not objectionable.

2. The Request for Production calls for the production of the original document(s) or tangible thing(s), to the extent that they are in or subject to, directly or indirectly, the possession, custody or control of the party to whom these requests are addressed. In addition, such request should be considered as including a request for separate production of all copies, and to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof). If "e-mail" has been responsive e-mail should be retrieved, printed out, and produced.

3. Unless otherwise specified, these Document Requests seek documents created in, transmitted in, reviewed, analyzed, summarized, or otherwise relating to or referring to the period from January 1, 2012, through the present date.

4. All documents produced shall be organized and labeled to correspond with the requests in these Document Requests or shall be produced as they are kept in the ordinary course of business. Any document relating to one or more Document Request may be grouped with documents in any applicable request.

5. All electronically stored information shall be produced either: (i) in native format without alteration, or (ii) in TIFF or PDF format, provided that all e-mail attachments shall be linked to and produced with the corresponding e-mail, and all available metadata associated with any electronically stored information (including, without limitation, full extracted text) shall be preserved and produced with a corresponding DAT file. Any Excel or other spreadsheet documents shall be produced in native format regardless of whether it is also produced in TIFF or PDF format.

6. The Request for Production shall be deemed to be continuing so as to require supplemental production if the party to whom they are addressed obtains access, possession, custody or control of any responsive document or tangible thing not previously produced, or obtains further information between the time the responses are served and the time of trial.

7. A document or tangible thing is in your "possession, custody or control" if it is in the possession, custody or control of your representatives, attorneys, agents, servants, employees, investigators, or consultants and you have the right or ability to obtain the document or tangible thing, regardless of its source or present location.

      8.     With respect to any document or tangible thing requested, should the document be presently unavailable and/or if such document is not presently in your possession, custody or control or has been destroyed, please identify such document or tangible thing by providing:

    a. the type or character of the document or tangible thing (e.g. letter, memorandum, etc.);

    b. the title, if any, of the document or tangible thing;

    c. the date of the document;

    d. the names and addresses of: (i) the author(s); (ii) the addressee(s); (iii) all recipients of copies of the document;

    e. a summary of all information contained in each such document or tangible thing; and

    f. the date and circumstances under which each such document or tangible thing ceased to be in your possession, custody or control.

      9.     If you contend that any documents responsive to the Request for Production herein is privileged in whole or in part, or otherwise object to any part of the Request for Production, you must nevertheless provide the following information pursuant to Rule 26 of the Federal Rules of Civil Procedure, as made applicable by Federal Rules of Bankruptcy Procedure 7026 and 9014, unless divulging the information would disclose the privileged information:

    a. (a) the nature of the privileged claim (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c. the date of the document or communication;

    d. if a document: its type (correspondence, memorandum, facsimile, etc.), custodian location and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if a tangible thing: its type (hard drive, etc.), custodian location and such other information sufficient to identify the tangible thing for a subpoena duces tecum or a request for production; and

    f. the general subject matter of the document or communication.

10. If, in answering the Request for Production, you encounter any ambiguity in construing either the Request for Production or a definition or instruction relevant to the Request for Production, set forth the matter deemed ambiguous and the construction selected or used in answering the Request for Production.

11. If the Request for Production or definition or instruction is objected to in whole or in part, specify all grounds on which the objection rests. Respond to all portions of the request to which no objection is asserted. In addition, state whether any responsive information has been omitted from the Request for Production response or whether and in what way the search for responsive information has been delimited or circumscribed on the basis of any such objection. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

12. The Request for Production is continuing in character under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure so as to require you to file supplementary answers promptly whenever you obtain further or different information responsive to the Request for Production. Should you be unable to respond to the Request for Production or any portion thereof at this time, you should respond promptly when you are able to provide any responsive information.

13. "And," "or," "each," "all," and "any" shall be construed as necessary in each case to make the Request for Production inclusive rather than exclusive. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within the meaning the feminine form of the pronoun so used, and vice versa; the use of either "and" or "or" shall be considered to include both "and" and "or"; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

14. "Document" or "documents" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including, without limitation, all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), complaints, claims, claim letters, studies, books, periodicals,

magazines, booklets, circulars, bulletins, instructions, emails, papers, files, minutes, other communications (including, but not limited to, inter and intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer generated matter, photographs, photographic negatives, phonograph records, tape recordings, wire recordings, microfilm, microfiche, other mechanical or electronic recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained or translated if necessary, and any other tangible thing of a similar nature.

15. "Communication" or "communications" shall mean any discussion, representation, conversation, telephone call, face-to-face meeting, utterance, contact, statement, or other form of communicating information, whether oral or written.

16. "Property" or "properties" shall mean all real estate property own and/or operated by JACK ABERMAN and GEA SEASIDE INVESTMENT, INC.

17. "Relief Motion" shall mean the Secured Creditor's Motion for Relief from Stay (Fee Paid.) Re: 316 Butler Blvd, Daytona Beach, FL 32118. (I)Confirming that the Automatic Stay has been Terminated Pursuant to U.S.C. Section 362(C)(3) and 362(J), (II) Modifying and Terminating the Automatic Stay Pursuant to 11 U.S.C. Section 362(D) and FED. R. BANKR. P. 4001; And (III) Prohiniting Use of Cash Collateral Pursuant to 11 U.S.C. Section 363(C)(2) and (E)  [ECF No. 68] filed in bankruptcy case 3:13-bk-00167-JAF.

18. "Relief Hearing" shall mean the final evidentiary hearing scheduled on the Relief Motion pursuant the Notice of Rescheduled Final Evidentiary Hearing [ECF No. 94] entered in bankruptcy case 3:13-bk-00167-JAF that is currently scheduled for June 10, 2013 at 2:30 p.m.

I HEREBY CERTIFY that a true and correct copy of the FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BY JACK ABERMAN AND GEA SEASIDE INVESTMENT, INC. and accompanying exhibits were delivered to the addressees on the attached mailing list and all other parties requesting or entitled to receive notices in this bankruptcy case by First Class U. S. Mail postage pre-paid and/or electronic mail this _____18_____ day of _____April_____, 2013.

Choice Legal Group, P.A.
1800 N.W. 49TH Street, Suite 120
Fort Lauderdale, FL 33309
Telephone: (954) 453-0365/1-800-441-2438
Facsimile: (954) 689-3517
antonio.alonso@clegalgroup.com

By:/s/Antonio Alonso, Esq.
Antonio Alonso, Esq.
Bar Number: 50335

Mailing List for Bankruptcy Cases No: 13-00167-JAF and 13-00167-JAF

JACK ABERMAN
PO BOX 265302
DAYTONA BEACH, FL 32126

SCOTT W SPRADLEY, ESQ.
LAW OFFICES OF
SCOTT W SPRADLEY PA
PO BOX 1,
109 SOUTH 5TH STREET
FLAGLER BEACH, FL 32136

*U.S. Trustee*
**United States Trustee - JAX 11**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**Elena L Escamilla**
Office of the United States Trustee
400 W. Washington Street
Suite 1100
Orlando, FL 32801

**Exhibit A**

**FIRST REQUEST FOR PRODUCTION**

1. All documents or communications JACK ABERMAN and GEA SEASIDE INVESTMENT, INC intend to identify, use, introduce, or rely upon at the Relief Hearing.

2. All documents evidencing JACK ABERMAN's and GEA SEASIDE INVESTMENT, INC's change in financial circumstances since the dismissal of Bankruptcy Cases 6:08-bk-01693-KSJ and 6:08-bk-1695-KSJ.

3. All bank statements and financial records showing income generated by JACK ABERMAN and GEA SEASIDE INVESTMENT, INC.

4. All the lease agreements for the Properties. If these lease agreements are oral agreements, produce a written statement of the terms of such agreements.

5. All rent rolls for the properties owned and/or managed by JACK ABERMAN and/or GEA SEASIDE INVESTMENT, INC.

6. All tax returns filed by JACK ABERMAN and/or GEA SEASIDE INVESTMENT, INC. for the years 2011 and 2012.

7. All payroll records for GEA SEASIDE INVESTMENT, INC.

8. All profit and loss statements for GEA SEASIDE INVESTMENT, INC.

9. All documents evidencing payments made to mortgage lenders of the Properties.