ORDERED.

**Dated:  January 05, 2016**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEA SEASIDE INVESTMENT, INC.                Case No. 3:13-bk-00165
                                            Chapter 11

                                            Jointly Administered with

            Debtor,
_____/

JACK ABERMAN                                Case No: 3:13-bk-00167
                                            Chapter 11

            Debtor.
_____/

## ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF GEA SEASIDE INVESTMENT INC. AND JACK ABERMAN

**THIS CASE** came before the Court at a hearing on October 5, 2015 (the

"Confirmation Hearing") to consider confirmation of the Joint Plan of Reorganization and the

filed Amendments thereto (Doc. No. 373, 512, 628, 685, 786 and 845) (the "Plan") submitted by

GEA Seaside Investment, Inc. ("GEA Seaside") and Jack Aberman ("Aberman") (collectively, the "Debtors").

The Court, having considered the: (a) Plan; (b) the Declaration of Jack Aberman in Support of Confirmation ("Confirmation Declaration") (Doc. No. 688); (c) Ballot Tabulations (Doc. No.686); (d) the arguments of all counsel present at the Confirmation Hearing; (e) the agreements and modifications to the Plan placed on the record at the Confirmation Hearing and ratified by cramdown orders entered by the Court following the Confirmation Hearing; and with the Court being familiar with the Plan and other relevant factors affecting these cases, makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") made applicable to this matter pursuant to Rule 9016 of the Bankruptcy Rules.

## Findings of Fact and Conclusions of Law

A.      Plan Treatment for Class 43 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 849) or any amended version thereof.

B.      Plan Treatment for Class 46 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 847) or any amended version thereof.

C.      Plan Treatment for Class 48 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 852) or any amended version thereof.

D.      Plan Treatment for Class 49 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 850) or any amended version thereof.

E.      Plan Treatment for Class 50 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 846) or any amended version thereof.

F.      Plan Treatment for Class 51 is hereby amended to incorporate and otherwise conform to the Agreed Order on Debtor's motion Pursuant to Sec. 1129(b) (Doc. 848) or any amended version thereof.

G.      The Debtors, as proponents of the Plan, have provided good and sufficient notice of: (a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on the Plan; and (d) the hearing date on the confirmation of the Plan.  The Court finds that, in accordance with §1125(e) of the Bankruptcy Code, the Debtors acted in good faith in soliciting acceptances or rejections of the Plan and in compliance with all applicable provisions of the Bankruptcy Code. The Court further finds that the solicitation of acceptances or rejections of the Plan by the Debtors was conducted in good faith and in compliance with the Bankruptcy Code, Bankruptcy Rules, and any other procedures established by the Court.

H.      The Debtors have afforded all parties in interest with an adequate opportunity to be heard regarding the Plan and Disclosure Statement and the Plan and Disclosure Statement comply with Bankruptcy Code §1127 and 3019 of the Bankruptcy Rules.  All parties received adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the relevant orders of this Court.

I.      The Court has jurisdiction over these cases and to conduct the Confirmation Hearing and to confirm the Plan pursuant to 28 U.S.C. §1334.

J.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

K.      The Debtors are eligible Debtors under Section 109 of the Bankruptcy Code.

L.      The Ballot Tabulations filed by the Debtors validly and correctly set forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the relevant orders of this Court.

M.      The Debtors have solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the relevant orders of this Court.

N.      The Plan has been accepted in writing by the requisite majorities of all the Impaired Classes of Claims and Interests entitled to vote thereon in accordance with §1126 of the Bankruptcy Code.

O.      The Plan satisfies all of the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016(a), is dated and identifies the Debtors as the proponents.

P.      In accordance with §1122(a) of the Bankruptcy Code, the Plan classifies together each Claim against and Interest in the Debtors that are substantially similar to other Claims or Interests.  The Plan, therefore, satisfies §1122(a) of the Bankruptcy Code.

Q.      The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies §1123(a)(1) of the Bankruptcy Code.

R.      Pursuant to the Plan, all classes are identified as Impaired and are identified as such.  Accordingly, the Plan satisfies §1123(a)(2) of the Bankruptcy Code.

S.      The Plan specifies the treatment of each Impaired Class of Claims and Interests.

Accordingly, the Plan satisfies §1123(a)(3) of the Bankruptcy Code.

T.      The Plan provides the same treatment for each Claim or Interest in each Class

unless the holder of such a Claim or Interest agrees to less favorable treatment.  Accordingly, the

Plan satisfies §1123(a)(4) of the Bankruptcy Code.

U.      The Plan sets forth the means by which the Plan will be implemented.  The Plan

makes adequate means for its implementation and satisfies §1123(a)(5) of the Bankruptcy Code.

V.      Consistent with the requirements of §1146(c) of the Bankruptcy Code, the transfer

or vesting of any real or personal property of the Debtors or recording of any mortgages on

property of the Debtors in accordance with the Plan or the Confirmation Order, is not subject to

taxation under any state or local law imposing a stamp, transfer or similar tax.

W.      The Plan complies with the applicable provisions of the Bankruptcy Code, as

required under §1129(a)(1).

X.      The Debtors have complied with all of the provisions of the Bankruptcy Code and

the Bankruptcy Rules governing notice, disclosure and solicitation in connection with the Plan,

the Disclosure Statement, and all other matters considered by this Court in connection with these

Chapter 11 Cases.

Y.      Votes to accept or reject the plan have been solicited and tabulated in good faith

and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy

Rules and the relevant orders of this Court.  The Debtors have accordingly satisfied §1129(a)(2)

of the Bankruptcy Code.

Z.      The Plan has been proposed in good faith by the Debtors and not by any means

forbidden by law, as required by §1129(a)(3) of the Bankruptcy Code.  The Debtors have acted

in good faith in formulating and proposing the Plan and have properly performed their fiduciary duties.  The Plan and Plan Modifications resulted from arms-length bargaining among the Debtors, and the creditors.  All parties have acted in good faith and received no unfair advantage.

AA.    Each Holder of an Impaired Claim that has not accepted the Plan will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.  Thus, the Plan satisfies the "best interests" test under §1129(a)(7)(A)(ii) of the Bankruptcy Code.

BB.    Pursuant to the Ballot Tabulations, the requisite number of Impaired Classes have voted in favor of the Plan or are the subject cramdown motions.  As such the Plan satisfies §1129(a) (8) of the Bankruptcy Code.

For the foregoing reasons, the Court determines that the Plan should be confirmed. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The Plan is, in all respects, hereby confirmed pursuant to §1129 of the Bankruptcy Code and all of its terms and provisions are hereby approved, or accepted as otherwise provided in this order. The Debtors are authorized to take any and all actions contemplated to be taken under the Plan.  The modifications of the Plan as reflected on the record at the Confirmation Hearing and as ratified by the subsequent entry of cramdown orders meet the requirements of §1127(a) and (c) and no further solicitation or voting is required.  The Second Amended Joint Plan of Reorganization (Doc. No. 845); the Amendment to Add Class 72 (Doc. No. 628); and the Amendment Regarding Treatment of Class 25 (Doc. No. 786), which,

collectively, contain the court approved terms of treatment of each class of creditors and interested parties, are attached hereto and incorporated herein as Composite Exhibit "A."

      2.     The jointly administered cases of Aberman and GEA Seaside are not substantively consolidated for the purposes of confirmation, consummation and implementation of the Plan.

      3.     All entities holding Claims against or Interests in the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

      4.     In accordance with §1142 of the Bankruptcy Code, the Debtors, Reorganized Debtors and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan.

      5.     The Court retains jurisdiction, as provided in the Plan, for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Confirmation Order, specifically including, without limitation:  (i) to consider and rule upon all applications for allowance of compensation and reimbursement of out-of-pocket expenses of professionals retained in connection with this case with respect to services performed on or prior to the Hearing;; (ii) to consider and rule upon all matters of any nature or type necessary or appropriate

to carry out the Plan, including without limitation, controversies and disputes arising under or in connection with the Plan; (iii) to consider and rule upon any motion to further modify the Plan in accordance with 11 U.S.C. § 1127, or to correct any defect, cure any omission, or reconcile any inconsistency in the Plan, the Disclosure Statement filed in connection therewith, or this Confirmation Order, as may be necessary in order to carry out the purposes of the Plan; (iv) to enforce the automatic stay provisions of 11 U.S.C. § 362, including the implementation of sanctions for a willful violation of the automatic stay; (v) to enforce payment of clerk's fees and the U.S. Trustee fees; (vi) to issue such orders in aid of execution and consummation of the Plan as may be necessary and appropriate; (vii) to ensure distributions are accomplished, as provided for in the Plan, and to resolve any dispute concerning the right of any person to a distribution under the Plan, under applicable law, or under a contract or agreement; (viii) to compel the signing of any documents required by the Plan; and (ix) such other matters as may be provided for in the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq., or in the Plan.

6.      In accordance with Section 1146(c) of the Bankruptcy Code, any issuance, transfer or the making of any instrument of transfer, including any mortgages delivered under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

7.      This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan.

8.      Pursuant to Bankruptcy Code section 1141(d) and as set forth in the Plan GEA Seaside shall be discharged from any debt that arose before the Confirmation Date and any debt of a kind specified in Sections 502(g), 502(h), and 502(i) of the Bankruptcy Code.   This Order does not grant a discharge to Jack Aberman, who shall make application for a discharge in

conjunction with the filing of a Certificate of Substantial Consummation after all distributions to holders of allowed unsecured claims as contemplated under the Plan, have been made.

9.      Except as noted herein and in the Plan, the Reorganized Debtors are responsible for all U.S. Trustee Fees.  The Debtors shall be responsible for reporting all disbursements.

10.      Within five (5) days after the entry of this Confirmation Order, the Debtors shall mail to all known Creditors and Holders of Interests and all other parties in interest (including Professionals) copies of this Confirmation Order.

11.      To the extent that any provisions of the Plan or orders of this court are inconsistent with this Confirmation Order, the Confirmation Order governs.

***

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEA SEASIDE INVESTMENT, INC.                    Case No. 3:13-bk-00165
                                                Chapter 11

                    Debtor,
_____/

JACK ABERMAN                                    Case No: 3:13-bk-00167
                                                Chapter 11
                    Debtor.
_____/

## JACK ABERMAN and GEA SEASIDE INVESTMENTS, INC.'S
## SECOND AMENDED JOINT PLAN OF REORGANIZATION

### ARTICLE 1
### SUMMARY

This Second Amended Joint Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is being proposed by Jack Aberman and GEA Seaside Investments, Inc. (the "Debtors") pursuant to 11 U. S. C. §1121.

All creditors and equity security holders should refer to Articles 3 through 7 of this Plan for information regarding the precise treatment of their claims. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### ARTICLE 2
### DEFINITIONS - INTERPRETATION - GENERAL PROVISIONS

2.01.   Definitions.  For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

Administrative Expense shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

a.      Allowed when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest

is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

   b. <u>Bankruptcy Rules</u> mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

   c. <u>Bar Date</u> shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtors.

   d. <u>Bankruptcy Code</u> shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

   e. <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

   f. <u>Business Day</u> shall mean any day except Saturday, Sunday, or any legal holiday.

   g. <u>Chapter 11 Case</u> shall mean the above reference Chapter 11 reorganization cases of the Debtors pending in the Bankruptcy Court.

   h. <u>Claim</u> shall mean, as defined in §101(5) of the Bankruptcy Code: (a) any right to payment from the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

   i. <u>Class</u> means a group of Claims of Interests substantially similar to each other as classified under this Plan.

   j. <u>Confirmation Date</u> shall mean the date of entry of the Confirmation Order.

   k. <u>Confirmation Order</u> shall mean the order entered by the Bankruptcy Court confirming the Plan.

   l. <u>Contested</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

   m. <u>Disallowed</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

   n. <u>Disclosure Statement</u> means the disclosure statement of the same date as this Plan that was filed by the Debtors and approved by the Bankruptcy Court pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

   o. <u>Discharge</u> means the discharge of debt anticipated to be ordered following the substantial consummation of this case.

   p. <u>Distribution Date</u> when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen days before the first Business Day of the next calendar month, in which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

   q. <u>Effective Date</u> shall mean: (a) if no stay of the Confirmation Order is in effect, then the 15th day after the Confirmation Order becomes a Final Order, or (b) if a stay of the Confirmation Order is in effect, then the 15th day following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

   r. <u>Final Order</u> means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

   s. <u>Interest</u> means the equity interests in the Debtors.

   t. <u>Notes</u> means any Unsecured Notes and Tax Notes issued under the Plan.

   u. <u>Objection Deadline</u> means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

   v. <u>Petition Date</u> shall mean January 8, 2013.

   w. <u>Plan</u> shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

   x. <u>Priority Non-Tax Claim</u> shall mean a Claim entitled to priority pursuant to

§§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

       y.    <u>Priority Tax Claim</u> shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

       z.    <u>Pro Rata Share</u> means the ratio that the amount of a particular Allowed Claim or Interest bears to the total amount of Allowed Claims or Interests of the same class, including Contested Claims or Interests, but not including Disallowed Claims or Interests, as calculated by the Debtors as of the Distribution Date.

       aa.    <u>Secured Claim</u> shall mean a Claim secured by a lien against property in which the Debtors have an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtors' interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

       bb.    <u>Tax Notes</u> means any promissory notes to be issued under the Plan to holders of Allowed Priority Tax Claims.

       cc.    <u>Unsecured Claim</u> means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

       dd.    <u>Unsecured Notes</u> means any promissory notes to be issued under the Plan to holders of Allowed Unsecured Claims.

    2.02    <u>Bankruptcy Code Definitions</u>.  Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

    2.03.    <u>Interpretation</u>.  Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

    2.04.    <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    2.05.    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.06.   <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

2.07.   <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE 3
## <u>CLASSIFICATION OF CLAIMS AND INTERESTS</u>

Claims against and Interests in the Debtors will be classified as follows except to the extent otherwise agreed.

3.01   Class 1. Secured Claim of Argent Mortgage Company LLC (Residential Property located at 358 Nautilus Ave., Daytona Beach, FL 32118) (Amount of secured claim is unknown).[1]

3.02   Class 2. The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 358 Nautilus Ave., Daytona Beach, FL 32118) (Claim No. 2 GEA; $1,287.03).

3.03   Class 3. Secured Claim of Bayview Loan Servicing (Residential Property located at 425 N. Peninsula through 420 Halifax, Daytona Beach, FL 32118) (Claim No. 26 GEA; $826,706.62)[2]

3.04   Class 4.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 420 Halifax, Daytona Beach, FL 32118) (Claim No. 13 GEA; $9,184.00).

3.05   Class 5. Secured Claim of Residential Funding Corp (Residential Property located at 109 Raymond Avenue, Daytona Beach Shores, FL 32118) (Claim No. 22 JA; $147,378.21).

3.06   Class 6. Secured Claim of Residential Funding Corp (Residential Property located at 25 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 17 JA; $107,450.17)

---

[1] Several of Aberman's secured creditors failed to file proofs of claim and no longer send statements to Aberman. Consequently, the amount of the claims owed to these creditors is unknown. Aberman contemplates filing proofs of claim in each of these instances using his best estimate of amounts owed to these secured creditors.

[2] A number of Aberman's secured creditors erroneously filed Proofs of Claim in the GEA Seaside Investment, Inc. case even though Aberman is the borrower on the subject loans. For clarity, claims identified with "JA" reflect claims filed in Mr. Aberman's case, while claims identified with "GEA" reflect claims filed in the GEA Seaside Investment, Inc. case. It is anticipated that improperly filed claims will be objected to, and that corresponding claims will be filed by the Debtor in the correct amount and in the correct case.

3.07     Class 7. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 21 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 29 GEA; $347,053.99)

3.08     Class 8.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 21 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 10 GEA; $1,377.54).

3.09     Class 9.  The Allowed Secured Claim of the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 21 S. Peninsula, Daytona Beach, FL  32118) (No Claim No. GEA; $16,470.89).

3.10     Class 10. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 3 Carter Terrace, Daytona Beach, FL 32118) (Claim No. 29 GEA; $338,051.60)

3.11     Class 11.  The Allowed Secured Claim of the PPF Holdings III, Ltd. for the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 3 Carter Terrace, Daytona Beach, FL  32118) (Claim No. 24 GEA; $27,424.02).

3.12     Class 12.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 3 Carter Terrace, Daytona Beach, FL  32118) (Claim No. 15 GEA; $2,097.42)

3.13     Class 13. Secured Claim of Concord Mortgage Comp. (Residential Property located at 100 Carolyn Terrace, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.14     Class 14.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 100 Carolyn Terrace, Daytona Beach, FL  32118) (Claim No. 16 GEA; $2,366.89).

3.15     Class 15. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 3790 Cardinal Blvd, Daytona Beach, FL 32118) (Claim No. 29 GEA; $372,599.52).

3.16     Class 16.  The Allowed Secured Claim of HMF FL G, LLC for the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 3790 Cardinal Blvd., Daytona Beach, FL  32118) (Claim Nos. 39 through 43 GEA; $32,902.17)

3.17     Class 17.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 3790 Cardinal Blvd., Daytona Beach, FL  32118) (Claim No. 17 GEA; $3,236.73).

3.18     Class 18.  Secured Claim of Fifth Third Bank (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL 32118) (Claim No. 5 JA; $310,104.35).

3.19     Class 19.   The Allowed Secured Claim of PPF Holdings, III, Ltd. for the Volusia County Tax Collector for 2009 and 2010 property taxes – (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL  32118) (Claim No. 8-1 JA; $13,023.78).

3.20     Class 20.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL  32118) (Claim No. 1 JA; $2,081.05).

3.21     Class 21. Secured Claim of OneWest Bank (Residential Property located at 507 Phoenix, Daytona Beach, FL 32118) (Claim No. 3 JA; $350,982.36).

3.22     Class 22. Secured Claim of G. Larry Sims & Mary Sims (Residential Property located at Monroe Lot #16, Port Orange, FL 32127) (Amount of secured claim is unknown)

3.23     Class 23.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at Monroe Lot #16, Port Orange, FL 32137) (Claim No. 18 GEA; $244.74).

3.24     Class 24. Secured Claim of Residential Funding Corp (Residential Property located at 244-1 Poinciana, Daytona Beach, FL 32118) (Claim No. 13 JA; $264,945.58)

3.25     Class 25.  Secured Claim of Hancock Bank (Residential Property located at 434 N. Halifax, Daytona Beach, FL 32118) (Claim No. 10 JA; $625,239.72)

3.26     Class 26.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 434 N. Halifax, Daytona Beach, FL 32118) (Claim No. 14 GEA; $4,926.72).

3.27     Class 27. Secured Claim of Homeview Lending (Residential Property located at 308 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.28     Class 28. Secured Claim of 21st Mortgage Corp (Residential Property located at 121 S. Grandview, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.29     Class 29. Secured Claim of Residential Funding Corp (Residential Property located at 1928 Marilyn St., Daytona Beach, FL 32118) (Claim No. 12 JA; $227,354.82)

3.30     Class 30. Secured Claim of U.S. Bank, N.A. (Residential Property located at 236 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 4 JA; $355,397.33)

3.31     Class 31. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 2711 N. Halifax #796, Daytona Beach, FL 32118) (Claim No. 9 JA; $97,478.44)

3.32     Class 32. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 318 Butler, Daytona Beach, FL, 32118) (Amount of secured claim is unknown)

3.33    Class 33. Secured Claim of Ocwen Loan Servicing (Residential Property located at 311 1/2 Hollywood, FL 32118) (Claim No. 28 JA; $169,374.88)

3.34    Class 34. Secured Claim of Nationstar Mortgage (Residential Property located at 206 S. Venetian Way, Daytona Beach, FL 32118) (Claim No. 25 JA; $477,115.20)

3.35    Class 35. Secured Claim of Option One Mortgage Corp (Residential Property located at 330 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.36    Class 36. Secured Claim of Option One Mortgage Corp (Residential Property located at 216 Morningside Drive, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.37    Class 37.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 216 Morningside Drive, Daytona Beach, FL  32118) (Claim No. 1 GEA; $1,825.99).

3.38    Class 38. Secured Claim of Aurora Loan Services (Residential Property located at 319 N. Hollywood, Daytona Beach, FL 32118) (Claim No. 19 JA; $111,217.92)

3.39    Class 39. Secured Claim of Bayview Loan Servicing (Residential Property located at 817 Big Tree, Daytona Beach, FL 32118) (Claim No. 40 JA; $85,811.77)

3.40    Class 40.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 817 Big Tree, Daytona Beach, FL 32118) (Claim No. 2 JA; $1,974.56).

3.41    Class 41. Secured Claim of PNC Bank (Residential Property located at Monroe Lot #23, Port Orange, FL 32127) (Claim No. 31 GEA; $25,162.26)

3.42    Class 42. Secured Claim of U.S. Bank, N.A. (Residential Property located at 229 N. Hollywood, Daytona Beach, FL) (Claim No. 7 JA; $358.363.65)

3.43    Class 43. Secured Claim of U.S. Bank, N.A. (Residential Property located at 428 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 32 GEA; $216,992.87)

3.44    Class 44.  The Allowed Secured Claim of the Volusia County Tax Collector for 2008-2012 property taxes – (Residential Property located at 428 Peninsula, Daytona Beach, FL  32118) (Claim Nos. 4 through 8 GEA; $577.70).

3.45    Class 45. Secured Claim of America's Servicing Company (Residential Property located at 115 Ogden, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.46    Class 46. Secured Claim of America's Servicing Company (Residential Property located at 315 1/2 Hollywood, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

3.47    Class 47. Secured Claim of Christiana Trust (Residential Property located at 508 Eastwood Lane, Daytona Beach, FL 32118) (Claim No. 20 JA; $261,660.15)

3.48    Class 48. Secured Claim of U.S. Bank, N.A. (Residential Property located at 615 Wisteria Ave., Daytona Beach, FL 32118) (Claim No. 33 JA; $202,540.86)

3.49    Class 49. Secured Claim of Deutsche Bank (Residential Property located at 514 Phoenix, Daytona Beach, FL 32118) (Claim No. 36 JA; $171,020.85)

3.50    Class 50. Secured Claim of Wilmington Trust (Residential Property located at 433 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 34 JA; $208,028.32)

3.51    Class 51. Secured Claim of U.S. Bank, N.A. (Residential Property located at 13 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 39 JA; $173,460.10)

3.52    Class 52. Secured Claim of Marian Price (Residential Property located at 813 Big Tree, South Daytona, FL 32119) (Amount of secured claim is unknown).

3.53    Class 53. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 316 Butler, Daytona Beach, FL 32118) (Claim No. 27 GEA; $144,799.00).

3.54    Class 54.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 316 Butler, Daytona Beach, FL 32118) (Claim No. 11 GEA; $990.66).

3.55    Class 55. Secured Claim of Residential Funding Corp (Residential Property located at 3764 Cardinal, Daytona Beach, FL 32118) (Claim No. 31 JA; $287,711.34).

3.56    Class 56. Secured Claim of Nationstar Mortgage (Residential Property located at 101 Carolyn Terrace, Daytona Beach, FL 32118) (Claim No. 23 JA; $319,447.69)

3.57    Class 57. Secured Claim of Nationstar Mortgage (Residential Property located at 509 Harvey Avenue, Daytona Beach, FL 32118) (Claim No. 24 JA; $165,841.75).

3.58    Class 58. Secured Claim of U.S. Bank, N.A. (Residential Property located at 231 N. Hollywood, Daytona Beach, FL 32118) (Claim No. 11 JA; $342,420.57).

3.59    Class 59. Secured Claim of U.S. Bank, N.A. (Residential Property located at 232 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 14 JA; 370,892.95).

3.60    Class 60. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 312 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 49 GEA; $113,268.59).

3.61    Class 61. Secured Claim of Citibank, N.A. (Residential Property located at 320 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 15 JA; $41,957.61).

3.62    Class 62. Secured Claim of Homeward Residential (Residential Property located at 324 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown).

3.63    Class 63.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 324 N. Peninsula, Daytona Beach, FL  32118) (Claim No. 12 GEA; $990.96).

3.64    Class 64. Secured Claim of Homeward Residential (Residential Property located at 420 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown).

3.65    Class 65.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 420 N. Peninsula, Daytona Beach, FL  32118) (Claim No. 3 GEA; $1,383.87).

3.66    Class 66.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 444 Peninsula, Daytona Beach, FL 32118) (Claim No. 9 GEA; $403.09).

3.67    Class 67.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 534 Lafayette, Port Orange, FL 32127) (Claim No. 20 GEA; $244.74).

3.68    Class 68.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at Monroe Lot #22, Port Orange, FL 32127) (Claim No. 19 GEA; $237.44).

3.69    Class 69.  General Unsecured, Undersecured and Deficiency Claims

3.70    Class 70.  The Equity interests of the Debtor.

3.71    Class 71.  The allowed secured claim of the IRS (Claim No. 21 GEA; $34,609.83)

3.72    Class 72.  Secured Claim of Goshen Mortgage, LLC (Residential Property located at 320 N. Peninsula Dr., Daytona Beach, FL 32118) (Amount of secured claim is $128,551;

3.73    Class 73.  Secured Claim of PNC Bank (Residential Property located at 444 N. Peninsula Dr., Daytona Beach, FL 32118) (Amount of secured claim is $40,000).

# ARTICLE 4
## TREATMENT OF ADMINISTRATIVE EXPENSE
## CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

4.01    <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

4.02    <u>Administrative Expense Claims</u>. Each holder of an allowed administrative expense claim will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

4.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in full in cash on the effective date of the Plan unless otherwise provided herein.

4.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE 5 - IMPAIRMENT

All classes of claims are impaired under the terms of this Plan.

## ARTICLE 6
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

6.01    The following lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

Class 1. Secured Claim of Argent Mortgage Company, LLC (Residential Property located at 358 Nautilus Ave., Daytona Beach, FL 32118) (Amount of secured claim is agreed to be $98,400).

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.   <u>Principal Amount</u>:   The principal amount of the note shall be $98,400, which shall be the principal amount of the note for purposes of the Plan.

        ii.   <u>Interest Rate</u>:      The note shall accrue interest from the Confirmation Date at the rate of 4.25% per annum.

11

       iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year period with 4.25% interest rate set forth above. The Debtor shall make monthly installments of $484.07 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

**Class 2.** The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 358 Nautilus Ave., Daytona Beach, FL 32118) (Claim No. 2 GEA; $1,287.03).

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

**Class 3.** Secured Claim of Bayview Loan Servicing (Residential Property located at 425 N. Peninsula through 420 Halifax, Daytona Beach, FL 32118) (Claim No. 26 GEA; $826,706.62)

   a.  The Debtors shall surrender this property in full satisfaction of this claim.

**Class 4.** The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 420 Halifax, Daytona Beach, FL 32118) (Claim No. 13 GEA; $9,184.00).

   a.  This property is being surrendered in full satisfaction of this claim.

**Class 5.** Secured Claim of Residential Funding Corp (Residential Property located at 109 Raymond Avenue, Daytona Beach Shores, FL 32118) (Claim No. 22 JA; $147,378.21).

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

       i.    <u>Principal Amount</u>:  The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.   <u>Interest Rate</u>:   The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

    iii.   <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $813.83 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

**Class 6. Secured Claim of Residential Funding Corp (Residential Property located at 25 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 17 JA; $107,450.17)**

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.   <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.   <u>Interest Rate</u>:   The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

    iii.   <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $512.98 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 7. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 21 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 29 GEA; $347,053.99)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

          i.    <u>Principal Amount</u>:  The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

          ii.    <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

          iii.    <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,656.88 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 8.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 21 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 10 GEA; $1,377.54).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 9.  The Allowed Secured Claim of the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 21 S. Peninsula, Daytona Beach, FL 32118) (No Claim No. GEA; $16,470.89).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 10. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 3 Carter Terrace, Daytona Beach, FL 32118) (Claim No. 29 GEA; $338,051.60)

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

   i. Principal Amount: The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

   ii. Interest Rate: The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

   iii. Payments: The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,613.91 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 11. The Allowed Secured Claim of PPF Holdings III, Ltd. for the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 3 Carter Terrace, Daytona Beach, FL 32118) (Claim No. 24 GEA; $27,424.02).

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 12.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 3 Carter Terrace, Daytona Beach, FL 32118) (Claim No. 15 GEA; $2,097.42).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 13. Secured Claim of Concord Mortgage Co. (Residential Property located at 100 Carolyn Terrace, Daytona Beach, FL, 32118) (Amount of secured claim is unknown)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.  Principal Amount:   The principal amount of the note shall be less than the Allowed Secured Claim of Concord Mortgage Co.  The amount of this claim is unknown.  It is anticipated that valuation proceedings will result in the secured portion of the claim being $93,776.00 which shall be the principal amount of the note for purposes of the Plan.

        ii.  Interest Rate:       The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.  Payments:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $447.70 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 14.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 100 Carolyn Terrace, Daytona Beach, FL 32118) (Claim No. 16 GEA; $2,366.89).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 15. Secured Claim of Rhett and Patricia Johnston (Residential Property located at 3790 Cardinal Blvd, Daytona Beach, FL 32118) (Claim No. 29 GEA; $372,599.52)

   a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.    Principal Amount: The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

        ii.    Interest Rate: The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.    Payments: The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,778.84 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 16.   The Allowed Secured Claim of HMF FL G, LLC for the Volusia County Tax Collector for 2007-2011 property taxes – (Residential Property located at 3790 Cardinal Blvd., Daytona Beach, FL 32118) (Claim Nos. 39 through 43 GEA; $32,902.17).

   a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

17

Class 17.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 3790 Cardinal Blvd., Daytona Beach, FL 32118) (Claim No. 17 GEA; $3,236.73).

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 18. Secured Claim of Fifth Third Bank (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL 32118) (Claim No. 5 JA; $310,104.35)

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.   <u>Principal Amount</u>:   The principal amount of the note shall be $250,000, which shall be the principal amount of the note for purposes of the Plan.

        ii.   <u>Interest Rate</u>:      The note shall accrue interest at 4.5%.

        iii.   <u>Payments</u>:    The principal amount of the note shall be amortized over a 30 year period with 4.5% interest as set forth above. The Debtor shall make monthly installments of $1193.54 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 19.   The Allowed Secured Claim of PPF Holdings, III, Ltd. for the Volusia County Tax Collector for 2009 and 2010 property taxes – (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL  32118) (Claim No. 8-1 JA; $13,023.78).

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 20.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 442 N. Peninsula Drive, Daytona Beach, FL  32118) (Claim No. 1 JA; $2,081.05).

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 21. Secured Claim of OneWest Bank (Residential Property located at 507 Phoenix, Daytona Beach, FL 32118) (Claim No. 3 JA; $350,982.36).

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.   Principal Amount:   The principal amount of the note shall be less than the Allowed Secured Claim of OneWest Bank.  The amount of this claim is $350,982.36. Valuation proceedings resulted in the secured portion of the claim being $77,681.00 which shall be the principal amount of the note for purposes of the Plan.

    ii.  Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

    iii. Payments:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $370.86 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 22. Secured Claim of G. Larry Sims & Mary Sims (Residential Property located at Monroe Lot #16, Port Orange, FL 32127) (Amount of secured claim is unknown)

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.   Principal Amount:   The principal amount of the note shall be in the amount of $15,000, which shall be the principal amount of the note for purposes of the Plan.

    ii.  Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 5.0% per annum.

19

   iii. <u>Payments</u>: The principal amount of the note shall be amortized over a 15 year with 5.0% interest. The Debtor shall make equal monthly installments in the amount of $ 110.95 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 23.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at Monroe Lot #16, Port Orange, FL 32127) (Claim No. 18 GEA; $244.74).

 a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

 b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 24. Secured Claim of Residential Funding Corp (Residential Property located at 244-1 Poinciana, Daytona Beach, FL 32118) (Claim No. 13 JA; $264,945.58)

 a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

 b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

   i. <u>Principal Amount</u>: The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

   ii. <u>Interest Rate</u>: The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

   iii. <u>Payments</u>: The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,264.89 throughout the term so that the balance is fully paid at the end of

20

the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 25. Secured Claim of Hancock Bank (Residential Property located at 434 N. Halifax, Daytona Beach, FL 32118) (Claim No. 10 JA; $625,239.72)

    a.   This property is being surrendered in full satisfaction of this claim.

Class 26.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 434 N. Halifax, Daytona Beach, FL 32118) (Claim No. 14 GEA; $4,926.72).

    a.   This property is being surrendered in full satisfaction of this claim.

Class 27. Secured Claim of Homeview Lending (Residential Property located at 308 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.   Principal Amount:   The principal amount of the note shall be less than the Allowed Secured Claim of Homeview Lending.  The amount of this claim is unknown.  Valuation proceedings resulted in the secured portion of the claim being $107,145.00, which shall be the principal amount of the note for purposes of the Plan.

        ii.   Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.   Payments:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $511.53 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 28. Secured Claim of 21st Mortgage Corp (Residential Property located at 121 S. Grandview, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.  <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.  <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

    iii.  <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 29. Secured Claim of Residential Funding Corp (Residential Property located at 1928 Marilyn St., Daytona Beach, FL 32118) (Claim No. 12 JA; $227,354.82)

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.  <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.  <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

       iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $1255.46 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 30. Secured Claim of U.S. Bank, N.A. (Residential Property located at 236 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 4 JA; $355,397.33)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

       i.    <u>Principal Amount</u>:   The principal amount of the note shall be $47,774, which shall be the principal amount of the note for purposes of the Plan.

       ii.    <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 5.255% per annum.

       iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 5.255 interest. The Debtor shall make equal monthly installments in the amount of $263.96 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 31. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 2711 N. Halifax #796, Daytona Beach, FL 32118) (Claim No. 9 JA; $97,478.44)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

       i.    <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

       ii.    <u>Interest Rate</u>:       The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

       iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $465.37 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 32. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 318 Butler, Daytona Beach, FL, 32118) (Amount of secured claim is unknown)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

       i.    <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

       ii.    <u>Interest Rate</u>:       The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

       iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance

due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 33. Secured Claim of Ocwen Loan Servicing (Residential Property located at 311 1/2 Hollywood, FL 32118) (Claim No. 28 JA; $169,374.88)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.  Principal Amount:    The principal amount of the note shall be less than the Allowed Secured Claim of Ocwen Loan Servicing. The amount of this claim is $169,374.88. Valuation proceedings resulted in the secured portion of the claim being $52,104.00, which shall be the principal amount of the note for purposes of the Plan.

        ii.  Interest Rate:    The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.  Payments:    The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $248.75 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 34. Secured Claim of Nationstar Mortgage (Residential Property located at 206 S. Venetian Way, Daytona Beach, FL 32118) (Claim No. 25 JA; $477,115.20)

    a.  This property shall be surrendered in full satisfaction of this claim.

Class 35. Secured Claim of Option One Mortgage Corp. (Residential Property located at 330 N. Peninsula, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

      i.   <u>Principal Amount</u>:  The principal amount of the note shall be $105,000, which shall be the principal amount of the note for purposes of the Plan.

      ii.   <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.25% per annum.

      iii.  <u>Payments</u>:     The principal amount of the note shall be amortized over a 30 year period with 4.25% interest rate set forth above. The Debtor shall make monthly installments of $516.54 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. Debtor shall be liable for payment of taxes and insurance on the Property. Within fifteen (15) days of a written request by the secured creditor, Debtor shall provide proof of insurance as required by the loan documents. While the automatic stay remains in effect, Debtor shall be in default under the Plan if Debtor fails to make a Plan payment when due, if there is a lapse in insurance, if the real estate taxes on the property are not paid by the March 31st due date, or there is a default under the unmodified terms of the Note or Mortgage and Debtor fails to cure such default within seventy-two (72) hours after the secured creditor or its attorney provides Debtor, Debtor's counsel or an agent of Debtor's counsel with telephonic, facsimile or e-mail Notice of Default. In such event, the Court shall grant the secured creditor *in rem* relief from stay to exercise its rights with respect to the collateral without notice or hearing provided the secured creditor files a proposed order together with an affidavit setting forth specific facts establishing that: (a) a default occurred; (b) the secured creditor (or it's attorney) provided Debtor, Debtor's counsel or an agent of Debtor's counsel with seventy-two (72) hour Notice of Default; and (c) Debtor failed to cure the default within the seventy-two (72) hour period. The automatic 14-day stay of Rule 4001(a)(3) shall not apply to any order entered pursuant to this paragraph. If Debtor defaults after the automatic stay is no longer in effect, the default provisions of the Note and Mortgage shall apply. Upon entry of an order lifting the stay as provided above, or upon default after the stay has otherwise lifted, the modification of the loan as provided in the Plan shall cease to apply and all payments made under the Plan shall be credited against the original loan as though no modification had occurred. Except as modified above, all other terms of the Note and Mortgage shall remain in full force and effect.

Class 36. Secured Claim of Option One Mortgage Corp (Residential Property located at 216 Morningside Drive, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i. <u>Principal Amount</u>:   The principal amount of the note shall be less than the Allowed Secured Claim of Option One Mortgage Corp. The amount of this claim is unknown. Valuation proceedings resulted in the secured portion of the claim being $77,867.00, which shall be the principal amount of the note for purposes of the Plan.

    ii. <u>Interest Rate</u>:   The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

    iii. <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $371.75 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 37.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 216 Morningside Drive, Daytona Beach, FL 32118) (Claim No. 1 GEA; $1,825.99).

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 38. Secured Claim of Aurora Loan Services (Residential Property located at 319 N. Hollywood, Daytona Beach, FL 32118) (Claim No. 19 JA; $111,217.92)

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i. <u>Principal Amount</u>:   The principal amount of the note shall be $111,217.92, which shall be the principal amount of the note for purposes of the Plan.

    ii. <u>Interest Rate</u>:   The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

iii.  <u>Payments</u>:    The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $614.14 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 39. Secured Claim of Bayview Loan Servicing (Residential Property located at 817 Big Tree, Daytona Beach, FL 32118) (Claim No. 40 JA; $85,811.77)

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

i.  <u>Principal Amount</u>:    The principal amount of the note shall be 104,728.51.

ii.  <u>Interest Rate</u>:        The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

iii.  <u>Payments</u>:    The principal amount of the note shall be amortized on a 30 year schedule at 5.25% interest, with a balloon payment due for the balance due 3 years after the Effective Date. The Debtor shall make monthly installments of $578.31 per month for 36 months, following which the full balance becomes due. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 40.  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 817 Big Tree, Daytona Beach, FL 32118) (Claim No. 2 JA; $1,974.56).

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 41. Secured Claim of PNC Bank (Residential Property located at Monroe Lot #23, Port Orange, FL 32127) (Claim No. 31 GEA; $25,162.26)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

            i.  Principal Amount:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

            ii.  Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

            iii.  Payments:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $120.13 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 42. Secured Claim of U.S. Bank, N.A. (Residential Property located at 229 N. Hollywood, Daytona Beach, FL) (Claim No. 7 JA; $358,363.65)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

            i.  Principal Amount:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

      ii.    <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

      iii.    <u>Payments</u>:    The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,710.88 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

**Class 43. Secured Claim of U.S. Bank, N.A. (Residential Property located at 428 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 32 GEA; $216,992.87)**

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

      i.    <u>Principal Amount</u>:    The principal amount of the note shall be $93,000, which shall be the principal amount of the note for purposes of the Plan.

      ii.    <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

      iii.    <u>Payments</u>:    The principal amount of the note shall be amortized over a 251 month period with 5.25% interest as set forth above. The Debtor shall make monthly installments of $611.19 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

**Class 44.  The Allowed Secured Claim of the Volusia County Tax Collector for 2008-2012 property taxes – (Residential Property located at 428 Peninsula, Daytona Beach, FL 32118) (Claim Nos. 4 through 8 GEA; $577.70).**

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 45. Secured Claim of America's Servicing Company (Residential Property located at 115 Ogden, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

            i.   Principal Amount:  The principal amount of the note shall be $85,000, which shall be the principal amount of the note for purposes of the Plan.

           ii.   Interest Rate:     The note shall accrue interest from the Confirmation Date at the rate of 4.25% per annum.

         iii.   Payments:  The principal amount of the note shall be amortized over a 255 month period with 4.25% interest as set forth above. The Debtor shall make monthly installments of $506.76 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 46. Secured Claim of America's Servicing Company (Residential Property located at 315 1/2 Hollywood, Daytona Beach, FL 32118) (Amount of secured claim is unknown)

    a.   Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.   Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

            i.   Principal Amount:  The principal amount of the note shall be $54,000, which shall be the principal amount of the note for purposes of the Plan.

           ii.   Interest Rate:     The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

         iii.   Payments:  The principal amount of the note shall be amortized over a 251 month period with 5.25% interest as set forth above. The Debtor shall make monthly installments of $354.89 per

month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 47. Secured Claim of Christiana Trust (Residential Property located at 508 Eastwood Lane, Daytona Beach, FL 32118) (Claim No. 20 JA; $261,660.15)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.   Principal Amount:   The principal amount of the note shall be $185,000, which shall be the principal amount of the note for purposes of the Plan.

        ii.  Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 4.50 per annum.

        iii. Payments:   The principal amount of the note shall be amortized over a 30 year period with 4.50 interest as set forth above. The Debtor shall make monthly installments of $937.37 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 48. Secured Claim of U.S. Bank, N.A. (Residential Property located at 615 Wisteria Ave., Daytona Beach, FL 32118) (Claim No. 33 JA; $202,540.86)

   a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

   b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.   Principal Amount:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

        ii.  Interest Rate:      The note shall accrue interest from the Confirmation Date at the rate of 5.25% interest per annum.

32

        iii.    Payments:   The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $1118.43 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

**Class 49.** Secured Claim of Deutsche Bank (Residential Property located at 514 Phoenix, Daytona Beach, FL 32118) (Claim No. 36 JA; $171,020.85)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.    Principal Amount:   The principal amount of the note shall be less than the Allowed Secured Claim of Deutsche Bank. The amount of this claim is $110,000, which shall be the principal amount of the note for purposes of the Plan.

        ii.    Interest Rate:    The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

        iii.    Payments:   The principal amount of the note shall be amortized over a 30 year period with 5.25% interest as set forth above. The Debtor shall make monthly installments of $607.42 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

**Class 50.** Secured Claim of Wilmington Trust (Residential Property located at 433 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 34 JA; $208,028.32)

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

   i.   <u>Principal Amount</u>:  The principal amount of the note shall be in the amount of 90,000.  Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

   ii.   <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

   iii.   <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $496.98 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 51. Secured Claim of U.S. Bank, N.A. (Residential Property located at 13 S. Peninsula, Daytona Beach, FL 32118) (Claim No. 39 JA; $173,460.10)

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

   i.   <u>Principal Amount</u>:  The principal amount of the note shall be $100,000, which shall be the principal amount of the note for purposes of the Plan.

   ii.   <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

   iii.   <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year period with 5.25% interest as set forth above. The Debtor shall make monthly installments of $552.20 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance

34

and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 52. Secured Claim of Marian Price (Residential Property located at 813 Big Tree, South Daytona, FL 32119) (Amount of secured claim is unknown).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.    <u>Principal Amount</u>:   The principal amount of the note shall be less than the Allowed Secured Claim. The amount of this claim is unknown. It is anticipated that valuation proceedings will result in the secured portion of the claim being $127,526.00, which shall be the principal amount of the note for purposes of the Plan.

        ii.    <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $608.83 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 53. Secured Claim of Select Portfolio Servicing, Inc. (Residential Property located at 316 Butler, Daytona Beach, FL 32118) (Claim No. 27 GEA; $144,799.00).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.    <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

        ii.    <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

iii.    Payments:    The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $691.29 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 54.    The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 316 Butler, Daytona Beach, FL  32118) (Claim No. 11 GEA; $990.66).

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 55. Secured Claim of Residential Funding Corp (Residential Property located at 3764 Cardinal, Daytona Beach, FL 32118) (Claim No. 31 JA; $287,711.34).

a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

i.    Principal Amount:    The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

ii.    Interest Rate:    The note shall accrue interest from the Confirmation Date at the rate of 5.25% per annum.

iii.    Payments:    The principal amount of the note shall be amortized over a 30 year term with 5.25% interest. The Debtor shall make equal monthly installments in the amount of $1,588.75 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date.

36

The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 56. Secured Claim of Nationstar Mortgage (Residential Property located at 101 Carolyn Terrace, Daytona Beach, FL 32118) (Claim No. 23 JA: $319,447.19).

  a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

  b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

  i.  <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

  ii.  <u>Interest Rate</u>:     The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

  iii.  <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $1,525.09 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 57. Secured Claim of Nationstar Mortgage (Residential Property located at 509 Harvey Avenue, Daytona Beach, FL 32118) (Claim No. 24 JA $165,841.75).

  a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

  b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

i. <u>Principal Amount</u>:  The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

ii. <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

iii. <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $791.75 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 58. Secured Claim of U.S. Bank, N.A. (Residential Property located at 231 N. Hollywood, Daytona Beach, FL 32118) (Claim No. 11 JA; $342,420.57).

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

i. <u>Principal Amount</u>:  The principal amount of the note shall be $56,087. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

ii. <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 5.255% per annum.

iii. <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year term with 5.255% interest. The Debtor shall make equal monthly installments in the amount of $219.88 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property

38

with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 59. Secured Claim of U.S. Bank, N.A. (Residential Property located at 232 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 14 JA; $370,892.95).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.  Principal Amount:  The principal amount of the note shall be $56,087. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

        ii.  Interest Rate:  The note shall accrue interest from the Confirmation Date at the rate of 5.255% per annum.

        iii.  Payments:  The principal amount of the note shall be amortized over a 30 year term with 5.255% interest. The Debtor shall make equal monthly installments in the amount of $309.89 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 60. Secured Claim of Citibank, N.A. (Residential Property located at 312 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 49 GEA; $113,268.59).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.  Principal Amount:  The principal amount of the note shall be $59,899. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full

and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.    <u>Interest Rate</u>:    The note shall accrue interest from the Confirmation Date at the rate of 5.255% per annum.

    iii.    <u>Payments</u>:    The principal amount of the note shall be amortized over a 30 year term with 5.255% interest. The Debtor shall make equal monthly installments in the amount of $330.95 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 61. Secured Claim of Citibank, N.A. (Residential Property located at 320 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 15 JA; $41,957.61).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

    i.    <u>Principal Amount</u>:    The principal amount of the note shall be in the amount of the Allowed Secured Claim as indicated above. Since the holder of this claim exercised its election under §1111(b) of the Bankruptcy Code, the claim shall be paid in full and the holder of the claim will not participate in any distribution paid to unsecured creditors.

    ii.    <u>Interest Rate</u>:    The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

    iii.    <u>Payments</u>:    The principal amount of the note shall be amortized over a 30 year term with 4.00% (four percent) interest. The Debtor shall make equal monthly installments in the amount of $200.31 throughout the term so that the balance is fully paid at the end of the term. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also maintain escrow accounts for this property with a sufficient minimum balance to cover the costs of insurance and real estate taxes, on a prorated

basis relative to the annual insurance premium and the annual anticipated property tax, as is appropriate.

Class 62. Secured Claim of Homeward Residential (Residential Property located at 324 N. Peninsula, Daytona Beach, FL 32118) (The amount of the secured claim is unknown).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

        i.  <u>Principal Amount</u>:  The principal amount of the note shall be less than the Allowed Secured Claim of Homeward Residential. The amount of this claim is unknown. Valuation proceedings resulted in the secured portion of the claim being $49,677.00, which shall be the principal amount of the note for purposes of the Plan.

        ii.  <u>Interest Rate</u>:  The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

        iii.  <u>Payments</u>:  The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $237.17 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

Class 63. The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes – (Residential Property located at 324 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 12 GEA; $990.96).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 64. Secured Claim of Homeward Residential (Residential Property located at 420 N. Peninsula, Daytona Beach, FL 32118) (The amount of the secured claim is unknown).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms:

      i.    <u>Principal Amount</u>:   The principal amount of the note shall be less than the Allowed Secured Claim of Homeward Residential. The amount of this claim is unknown. Valuation proceedings resulted in the secured portion of the claim being $69,386.00, which shall be the principal amount of the note for purposes of the Plan.

      ii.    <u>Interest Rate</u>:    The note shall accrue interest from the Confirmation Date at the rate of 4.00% (four percent) per annum.

      iii.    <u>Payments</u>:   The principal amount of the note shall be amortized over a 30 year period with 4.00% (four percent) interest rate set forth above. The Debtor shall make monthly installments of $331.26 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty.

**Class 65.**  The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 420 N. Peninsula, Daytona Beach, FL 32118) (Claim No. 3 GEA; $1,383.87).

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

**Class 66.**  The Allowed Secured Claim of the Volusia County Tax Collector for  2012 property taxes − (Residential Property located at 444 Peninsula, Daytona Beach, FL 32118) (Claim No. 9 GEA; $403.09).  The Debtors intend to file an objection to this claim, as it appears the claim is not a lien on the subject property.  If the objection is overruled, the claim will be paid as follows:

    a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

    b.  Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

**Class 67.**   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at Monroe Lot #22, Port Orange, FL 32127) (Claim No. 19 GEA; $237.44). The Debtors intend to file an objection to this claim, as it appears the claim is not a lien on the subject property.  If the objection is overruled, the claim will be paid as follows:

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 68.   The Allowed Secured Claim of the Volusia County Tax Collector for 2012 property taxes − (Residential Property located at 534 Lafayette, Port Orange, FL 32127) (Claim No. 20 GEA; $244.74). The Debtors intend to file an objection to this claim, as it appears the claim is not a lien on the subject property.  If the objection is overruled, the claim will be paid as follows:

a. Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor in accordance with the following material terms: Payment in full in 36 equal installments plus 18% interest beginning on the Effective Date.

Class 69.  General Unsecured Claims (JA unsecured, $136,932; JA deficiency $1,350,000; GEA unsecured $4826; total General Unsecured: $1,491,758).

The Debtor shall contribute the sum of $20,000 to be paid pro rata to holders of allowed unsecured claims.  The schedule of payments shall be four (4) quarterly payments of $5000 each, with the first payment to be paid on the Effective Date, and with the three (3) subsequent payments to be paid quarterly beginning three (3) months following the Effective Date. A separate schedule of unsecured claims including a good faith estimate of the total amount of allowed unsecured claims and a percentage of payment that will be made through the Plan, will be separately filed and shall supplement the Plan.

Class 70. The Equity interests of the Debtor.

It is anticipated that ownership of all property of the estate shall vest with Mr. Aberman on the Effective Date.

Class 71.  The allowed secured claim of the IRS (Claim No. 21 GEA; $34,609.83)

The holder of this claim shall be paid in full.  The payment terms will be sixty consecutive monthly payments at 18% interest with the first payment to be made on the Effective Date.

Class 72.  Secured Claim of Goshen Mortgage, LLC (Residential Property located at 320 N. Peninsula Dr., Daytona Beach, FL 32118) (Amount of secured claim is $128,551);

The treatment of this claim if provided for in the filed Amendment to Joint Plan of Reorganization as to New Class 72 Claim of Goshen Mortgage, docket number 628.

Class 73.  Secured Claim of PNC Bank (Residential Property located at 444 N. Peninsula Dr., Daytona Beach, FL 32118) (Amount of secured claim is $40,000).

  a. The value of the Real Property is $40,000. Consequently, PNC has a
     secured claim in this case in the sum of $40,000 ("the Secured Claim").
     The Debtor shall pay the Secured Claim in full, 36 months
     after the Effective Date as defined in the Debtors' Plan of Reorganization.

  b. The Secured Claim shall bear interest at 5.25%.
  c. Beginning on the Effective Date, the Debtor shall make periodic payments
     to PNC on a monthly basis in the sum of $300 per month, to be allocated
     equally to principal and to interest.

  d. The Debtor shall stipulate to entry of a judgment of foreclosure in the
     event the Debtor defaults on the monthly periodic payments or fails to
     make the balloon payment, when due.

  e. The Debtor shall have a 5 day grace period for all payments or a longer
     period if provided in the subject loan documents, whichever is greater.

## ARTICLE 7
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

7.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

7.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

7.03   Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 8
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.01   Assumed Executory Contracts and Unexpired Leases. The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan:                    **NONE**

8.02    Rejected Executory Contracts and Unexpired Leases. The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.01 above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE 9
## MEANS FOR IMPLEMENTATION OF THE PLAN

9.01    Funding the Payments Due Under the Plan. This plan will be funded from revenue generated as rent from the real estate owned by the  Debtors. In essence, the allowed secured claims in this case will be paid from revenues generated from the properties that are collateral securing those claims.

9.02    Revesting of Assets. The property of the estate of the Debtors shall revest in the Debtors on the Effective Date, except as otherwise provided in the Plan. On and after the Effective Date, the Debtors may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code. As of the Effective Date, all property of the Debtors shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

9.03    Assumption of Liabilities. The liability for and obligation to make the distributions required under the Plan, shall be assumed by the Debtors which shall have the liability for and obligation to make all distributions of property under the Plan.

9.04    Avoidance Actions. Causes of action assertable by the Debtors pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtors. Any net recovery realized by Debtors on account of such causes of action, shall be the property of the Debtors.

## ARTICLE 10
## PROVISIONS GOVERNING DISTRIBUTION

10.01   Pro Rata Distribution. Unless otherwise provided in the Plan, for any Class of Claims or Interests that is impaired, the holders of such Claims or Interests shall receive a Pro Rata Share of the property to be distributed to the Class under the Plan. If, and when, Contested Claims or Interests in any such Class become Disallowed Claims or Interest, the Pro Rata Share to which each holder of an Allowed Claim or Interest in such Class is entitled, shall increase commensurately. Accordingly, the Debtors, in their sole discretion, shall have the right to make or direct the making of subsequent interim distributions to the holders of Allowed Claims or Interests in such Class to reflect any increases in the Pro Rata Share. In any event, as soon as practicable after all Contested Claims or Interests in any Class receiving Pro Rata Shares have become either Allowed or Disallowed, a final distribution shall be made to the holders of Allowed Claims or Interests in such Class to account for any final adjustment in the Pro Rata Share of such holders.

10.02    De Minimis Distributions. Notwithstanding any other provision of the Plan, there shall be no distribution of less than $20.00 on account of any Allowed Claim or Interest. If the Plan contemplates multiple distributions then the distribution shall accrue, without interest, and will be distributed on account of the Allowed Claim or Interest if and when the amount to be distributed equals or exceeds $20.00.

10.03    Distribution Date. Unless otherwise specified in the Plan or by order of the Bankruptcy Court:

        a.    Property to be distributed to an impaired Class under the Plan shall be distributed on the Distribution Date. Distributions to be made on the Distribution Date shall be deemed made on the Distribution Date if made on the Distribution Date or as soon as practicable thereafter, but in no event later than ten (10) Business Days after the Distribution Date.

        b.    Property to be distributed under the Plan to a Class that is not impaired shall be distributed on the latest of: (i) the Distribution Date; and (ii) the date on which the distribution to the holder of the Claim or Interest would have been made in the absence of the Plan.

10.04    Disbursing Agent. The Debtors or such disbursing agent as the Debtors may employ, in its sole discretion, shall make all distributions required under the Plan.

10.05    Cash Payments. Cash payments made pursuant to the Plan shall be in U.S. funds, by check drawn against a domestic bank, or by wire transfer from a domestic bank.

10.06    Delivery of Distributions. Distributions and deliveries to holders of Allowed Claims and Interest shall be made at the addresses set forth on the proofs of Claim or Interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or Interest is filed or if the Debtors have been notified of a change of address). If any distribution to a holder is returned as undeliverable, then no further distributions to such holder shall be made unless and until the Debtors are notified of the holder's then-current address, at which time all missed distributions shall be made to such holder, without interest. All Claims for undeliverable distributions shall be made on or before the first anniversary of the Distribution Date. After such date, all unclaimed property shall revert to the Debtors, and the claim of any holder with respect to such property shall be discharged and forever barred.

10.07    Time Bar to Cash Payments. Checks issued by the Debtors in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof. Requests for reissuance of any checks shall be made directly to the Debtors by the holder of the Allowed Claim with respect to which such check originally was issued. Any claim in respect of such a voided check shall be made on or before the later of the fifth anniversary of the Distribution Date or ninety (90) days after the date of issuance of such check. After such date, all claims in respect of void checks shall be discharged and forever barred.

10.08   Discharge. Following confirmation and only after all disbursements scheduled under the Plan have been made to holders of allowed unsecured claims, the Debtors shall seek application for entry of a discharge and for a final decree, which, upon entry, will close this case.

Respectfully Submitted,

*/s/ Scott W. Spradley*
Scott W. Spradley
Fla. Bar #782467
Law Offices of Scott W. Spradley, P.A.
109 South 5th Street
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott.spradley@flaglerbeachlaw.com
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEA SEASIDE INVESTMENT, INC.                    Case No. 3:13-bk-00165
                                                Chapter 11

       Debtor,
_____/

JACK ABERMAN                                    Case No: 3:13-bk-00167
                                                Chapter 11

       Debtor.
_____/

## AMENDMENT TO AMENDED JOINT PLAN OF REORGANIZATION REGARDING TREATMENT OF NEW CLASS 72 OF GOSHEN MORTGAGE, LLC

## INTRODUCTION

      This Amendment to the Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is being proposed by Jack Aberman and GEA Seaside Investments, Inc. (the "Debtors") pursuant to 11 U. S. C. §1121.

      All creditors and equity security holders should refer to Articles 3 through 7 of the Plan for information regarding the precise treatment of their claims. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders was filed with the Plan.

## ARTICLE 3
## CLASSIFICATION OF CLAIMS AND INTERESTS

Class 72. Secured Claim of Goshen Mortgage, LLC (Residential Property located at 320 North Peninsula Drive, Daytona Beach, FL 32118) (Proof of Claim 47, $297,837.27)

## ARTICLE 6
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Class 72. Secured Claim of Goshen Mortgage, LLC (Residential Property located at 320 North Peninsula Drive, Daytona Beach, FL 32118) (Proof of Claim 47, $297,837.27)

     a.  Lien: the holder of this claim shall retain its lien until the claim is satisfied.

b. Payment of Allowed Secured Claim: The holder of this claim shall receive payment from the Debtor, Jack Aberman in accordance with the following material terms:

    i. <u>Principal Amount</u>:   The principal amount of the note shall be in the amount of $128,551, which is the value of the subject real estate securing the note as agreed by the parties.  The deficiency balance of $169,286.27 shall be a general unsecured claim.

    ii. <u>Interest Rate</u>:       The note shall accrue interest from the Confirmation Date at the rate of 5.5% (five and a half percent) per annum.

    iii. <u>Payments</u>:   The principal amount of the note shall be amortized over a 260 month period with 5.5% (five and a half percent) interest rate set forth above. The Debtor, Jack Aberman shall make monthly installments of $847.20 per month. Payments shall commence thirty (30) days after the Effective Date. The balance due may be paid earlier with no prepayment penalty. The Debtor shall also fund an escrow account with the secured creditor providing for taxes and insurance to be paid and maintained on a monthly basis, in addition to the monthly payment set forth above.

    iv. <u>Default</u>: The note shall bear the same provisions for default and remedies for the secured creditor, that are contained in the original note setting forth the Debtor's obligation. Relief from stay is granted upon confirmation so no further court order is needed in the event of default for the secured creditor to proceed with its remedies.

    v. Except as modified, all other provisions of the original note terms remain unmodified.

<u>*/s/ Scott W. Spradley*</u>
Scott W. Spradley
Fla. Bar #782467
Law Offices of Scott W. Spradley, P.A.
109 South 5th Street
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott.spradley@flaglerbeachlaw.com
Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEA SEASIDE INVESTMENT, INC.                    Case No. 3:13-bk-00165
                                                Chapter 11

                    Debtor,
_____/

JACK ABERMAN                                    Case No: 3:13-bk-00167
                                                Chapter 11

                    Debtor.
_____/

**AMENDMENT TO AMENDED JOINT PLAN OF REORGANIZATION
REGARDING TREATMENT OF CLASS 25 OF HANCOCK BANK**

**INTRODUCTION**

This Amendment to the Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is being proposed by Jack Aberman and GEA Seaside Investments, Inc. (the "Debtors") pursuant to 11 U. S. C. §1121.

All creditors and equity security holders should refer to Articles 3 through 7 of the Plan for information regarding the precise treatment of their claims. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders was filed with the Plan.

**ARTICLE 6
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

Class 25. Secured Claim of Hancock Bank (Residential Property located at 434 N. Halifax, Daytona Beach, FL 32118) (Claim No. 10 JA; $625,239.72)

a. Lien: the subject property is being surrendered in full satisfaction of the Hancock Bank claim.

b. Surrender of the subject property shall not act as a bar to Hancock Bank filing a bifurcated claim, at its discretion. However, the Plan, as amended provides for no distribution to unsecured creditors.
.

Respectfully Submitted,

*/s/ Scott W. Spradley*
Scott W. Spradley
Fla. Bar #782467
Law Offices of Scott W. Spradley, P.A.
109 South 5th Street
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott.spradley@flaglerbeachlaw.com
Attorneys for Debtors